426 So.2d 380 (1983)
B.H. ROSENZWEIG, Plaintiff-Appellee,
v.
ALEXANDRIA SEED COMPANY, INC., Defendant-Appellant.
No. 15148-CA.
Court of Appeal of Louisiana, Second Circuit.
January 17, 1983.
Rehearing Denied February 24, 1983.
Writ Denied April 15, 1983.
*381 Trimble, Randow, Percy, Smith, Wilson & Foote by J. Michael Percy, Alexandria, for defendant-appellant.
James M. Fowler, Jonesboro, for plaintiff-appellee.
Before JASPER E. JONES, FRED W. JONES, Jr. and SEXTON, JJ.
FRED W. JONES, Jr., Judge.
Alleging that the defendant seed company had sold him defective rice seed, plaintiff rice farmer sued for damages for breach of contract. Following rendition by the trial court of judgment in favor of plaintiff for $1,868.35, defendant appealed, contending that the trial judge erred in (1) overruling an exception of one year prescription; (2) finding that the seed sold by defendant to plaintiff was the source of the red rice in plaintiff's field; and (3) awarding excessive damages.
Plaintiff answered the appeal, asserting that the trial judge committed error in (1) determining that plaintiff's suit was in the nature of a redhibitory action (for reduction of the purchase price) rather than an action for breach of contract and (2) awarding inadequate damages.
Concluding after our review of the record that, for the reasons hereinafter explained, the trial judge erred in overruling defendant's exception of one year prescription, we reverse.
Plaintiff's suit, filed on August 14, 1979, alleged in substance that on April 12, 1978 he purchased from defendant 400 bags (100 pounds each) of registered LaBelle rice; that this rice seed was planted by plaintiff in two fields, one containing 120 acres (north field) and the other comprised of 180 acres (south field); that when the rice crop matured in the north field it was found to be contaminated with red rice (a prohibited noxious weed for registered seed) to the extent that the rice in this field failed State certification requirements and, consequently, had to be sold for the reduced price of commercial rice rather than as the more expensive seed rice.
Plaintiff did not allege that defendant had knowledge of the defective quality of the rice seed at the time of the sale or that defendant's conduct in connection with the sale was in any way tortious.
Defendant filed an exception of prescription, pointing out that more than one year had elapsed between the date of the sale of the rice seed and the filing of plaintiff's suit. The trial judge referred this exception to the merits. Defendant filed an answer and trial was had.
At the trial it was shown that LaBelle is a variety of superior rice seed developed by professional plant breeders under government auspices. It had been designated as a "foundation seed" to be sold by commercial rice processors (such as defendant) to farmers who agreed to plant the seed under government supervision (in this case, the Louisiana Department of Agriculture). The crop produced from the "foundation seed" is called "registered seed" and that produced from "registered seed" is described as "certified seed".
When the crop planted from "foundation seed" is harvested by the farmer, it is taken to a commercial seed processor where the seed is dried, cleaned and divided into lots for testing purposes. In this state a sample from each lot is sent to the State Seed Laboratory for testing pursuant to recognized guidelines. If the sample analyzed *382 meets the established criteria for the class of seed in question (here, "registered" seed), the seed processor receives formal notification to that effect and is permitted to officially tag and sell the rice seed under that classification.
The rice kernel produced by "red rice" has the usual brownish hull of commercial rice, but the interior seed coat is normally red or black rather than white and is not desirable for sale in retail stores. Consequently, if a rice seed sample contains significant quantities of "red rice" the State Seed Laboratory will not permit the seed processor to sell it as either "registered" or "certified" rice.
The rice seed in question was grown by a Rapides Parish farmer and transported to defendant's plant for processing. There the seed was divided into two lots and each lot was further divided into three sublots. Samples were taken from each sublot and tested both by the State Seed Laboratory and by the defendant seed company. Those who conducted the analyses testified that no "red rice" was found in any of the samples.
It was undisputed that when the rice seed planted by plaintiff in his north field matured, "red rice" appeared in the field to such an extent that this seed crop failed government certification requirements and could not be marketed as "certified" seed. On the other hand, the rice crop which grew in the south field passed those requirements. Defendant denied that its seed was the source of the "red rice" contamination in plaintiff's north field.
In written reasons for judgment, the trial judge found that: (1) plaintiff's suit was an action in the nature of redhibition for reduction of the purchase price, with the one year prescriptive period applicable; (2) plaintiff's suit, filed on August 14, 1979, had not prescribed since plaintiff did not receive official notification of the "red rice" contamination until August 15, 1978; (3) it was more probable than not that the seed sold by defendant to plaintiff contained the "red rice"; and (4) plaintiff was entitled to damages (as to the 40% of the seed planted in the contaminated field) based upon the difference between the price of $11.26 per bushel paid by plaintiff for registered seed and the $6.00 per bushel 1979 value of "certified" seed.
Although plaintiff insists that his action is one for breach of contract, for which the applicable prescriptive period is ten years, that position is clearly untenable. In Rapides Grocery Co., Inc. v. Clopton, 171 La. 632, 131 So. 734 (1930) the plaintiff sued the defendant for the balance due on the sale of cotton seed. Defendant answered and reconvened for damages because plaintiff allegedly sold him some defective soy beans. Ruling that the reconventional demand was based upon redhibition, the court concluded that the trial judge correctly sustained a plea of prescription of one year.
The defendant in Crowley Grain Drier, Inc. v. Fontenot, 132 So.2d 573 (La.App. 3rd Cir.1961), sued for the balance due on a purchase of rice seed, reconvened for damages allegedly sustained because of the inferior quality of some other seed rice purchased from plaintiff. The trial court sustained plaintiff's plea of one year prescription directed at the reconventional demand. Affirming the lower court action, Judge Tate explained:
"Ordinarily, as the defendants contend, the prescription applicable for damages caused by a breach of contract is not a one year prescription but is rather the ten years prescription provided by LSA-Civil Code Article 3544. (Citations omitted) However, unlike damages for other contractual breaches, damages caused by a breach of warranty in a contract of sale are regarded as founded upon redhibition and subject instead to the cited codal prescription of one year applicable to redhibitory actions.... The historical reason for application of this shorter prescription period for claims for damages arising out of breaches of sales contracts, as compared with that applicable to damages for breaches of other types of contracts, is the practical necessity to determine promptly and certainly whether the article sold did or did not have the vices claimed."
*383 The trial judge in this case correctly found that plaintiff's action was governed by the Civil Code articles dealing with redhibition, and that the applicable prescriptive period was one year.
Redhibition is the rescission of a sale because of some vice or defect in the thing sold which either rendered it useless or its use so inconvenient that it is presumed the buyer would not have purchased it if he had known of the vice. La.C.C. Art. 2520. However, despite the seriousness of the defect, the buyer has the option of simply suing for a reduction of the purchase price. La.C.C. Art. 2541. This action for reduction of the price may also be resorted to by the buyer when the quality "which the thing sold has been declared to possess and which it is found to want" is not of such importance as to induce the buyer to demand a redhibition. La.C.C. Art. 2542.
The suit for a reduction of price is subject to the same rules that govern redhibitory actions. La.C.C. Art. 2544.
La.C.C. Art. 2534 provides in pertinent part:
"The redhibitory action must be instituted within a year, at the farthest, commencing from the date of the sale.
"This limitation does not apply where the seller had knowledge of the vice and neglected to declare it to the purchaser."
Although as a general rule the party pleading prescription has the burden of proving his claim, where prescription has tolled on the face of the pleadings the buyer bears the burden of proving that the claim has not prescribed. Rider v. LeCompte, 398 So.2d 114 (La.App. 3rd Cir.1981); Gustin v. Shows, 377 So.2d 1325 (La.App. 1st Cir. 1979).
Here the plaintiff has alleged that he purchased the rice seed from the defendant on April 12, 1978. His suit was not filed until August 14, 1979, more than a year later. Consequently, on the face of the pleadings it appears that the action for reduction of price had prescribed. Plaintiff had the burden of proving to the contrary, but failed to do so. He neither alleged that defendant had knowledge of the defective rice seed at the time of the sale nor offered evidence to that effect at the trial on the merits.
It is recognized that, in product liability cases founded in tort, the one year prescriptive period does not run against one who is ignorant of the existence of facts which would entitle him to bring suit. Lemoine v. Avoyelles Farmers Co-op, 307 So.2d 762 (La.App. 3rd Cir.1975). However, plaintiff does not contend that his suit is of this nature nor did he allege or prove facts under which we might so construe the action. For that reason, we find that the trial judge erred in holding that the one year prescriptive period did not begin to run until plaintiff received official notice of the "red rice" contamination in his field.
In summary, this suit for reduction of price was filed more than one year after the sale of the rice seed. Plaintiff has conceded that defendant had no knowledge of the defective quality of the rice seed at the time of the sale. Therefore, it is apparent that plaintiff's action had prescribed when his suit was filed, and defendant's plea of one year prescription should have been sustained.
Consequently, the judgment of the district court is reversed; defendant's exception of one year prescription is sustained, and there is judgment dismissing plaintiffs'[*] suit; costs are assessed to plaintiffs, both in the lower court and on appeal.
NOTES
[*] By amended petition, plaintiff added Garden Home Farms, Inc. as a plaintiff.