HALL, Chief Judge.
Plaintiff, Linda Ponder, instituted this action for redhibition arising out of the sale of a home naming as defendants, the vendors, Danny and Janet Gambrell. Plaintiff sought rescission of the sale or in the alternative, damages. Defendants filed a peremptory exception of prescription alleging that the plaintiffs claim had prescribed. After a hearing on the exception, the trial court held that plaintiffs claim as to the rescission of the sale had prescribed under the one year prescriptive period applicable to actions for redhibition. However, the trial court held that plaintiffs claim for damages due to breach of contract was still viable under the ten year prescriptive period applicable to contracts. On defendants’ application, this court granted supervisory writs to consider the issue of whether the trial court erred in holding that plaintiffs claim for damages survived even though plaintiffs action for redhibition had prescribed by the running of the one year prescriptive period. Finding that the trial court erred, we reverse that part of the judgment overruling the exception of prescription as to the prayer for damages.
On February 6, 1984, plaintiff purchased a home and lot located at 420 Harrison Street, Jonesboro, Louisiana from the defendants. The sales agreement entered into by the parties on January 19, 1984 provided that the purchaser agreed to buy the home “as is.” Soon after the sale, on or about February 15, 1984, plaintiff sought to have the utilities, water and electricity, turned on in the home. In the process, plaintiff discovered that both the plumbing and electrical wiring were faulty, necessitating repairs. Further, plaintiff found out the roof leaked and required repairs.
On May 3, 1985, plaintiff filed this suit alleging that upon entering into the agreement to buy the property, she was advised by the defendants that everything in the house was in good working order, especially the plumbing, electricity, and roof. However, these items were not in good working order and the home required extensive repairs. Plaintiff prayed for rescission of the sale or in the alternative, damages.
Defendants filed a peremptory exception of prescription alleging that the plaintiff’s redhibitory action had prescribed as more than one year had passed from the date of the sale to the date the instant action was commenced.
After a hearing on the exception, the trial court held that the evidence established plaintiff’s claim for rescission of the sale had prescribed pursuant to the one year prescriptive period applicable to redhi-bitory actions. However, the court held that plaintiff’s suit for damages arose out of breach of contract, rather than redhibí *710 tion, and thus was not barred by the one year prescriptive period.
Defendants argue that the plaintiff’s action is properly classified as one in redhibition rather than for breach of contract and therefore the action is governed by the one year prescriptive period applicable to redhi-bitory actions. We agree.
A contract of sale is a special form of contract expressly defined by law and concerning which the rights and obligations of buyer and seller are specifically prescribed by law. Stratton-Baldwin Co., Inc. v. Brown, 343 So.2d 292 (La.App. 1st Cir.1977) and Laughlin v. Fiat Distributors, Inc., 368 So.2d 742 (La.App. 3d Cir. 1979). An action in redhibition is the remedy when the defect in the thing sold renders it either absolutely useless or its use so inconvenient and imperfect that it must be supposed that the buyer would not have purchased the thing had he known of the vice. LSA-C.C. Art. 2520; Ark-La-Tex Builders & Realty, Inc. v. Hoge, 344 So.2d 90 (La.App. 2d Cir., 1977) and PPG Industries, Inc. v. Industrial Laminates Corp., 664 F.2d 1332 (5th Cir., 1982). The plaintiff in a redhibitory action seeks to avoid a sale due to some vice or defect in the thing sold, based upon an alleged breach of the implied warranty of fitness which is associated with all sales. Laughlin v. Fiat Distributors, Inc., supra.
A redhibition action prescribes one year from either the date of the sale if the seller was in good faith or the date that the defect was discovered if the seller was in bad faith, that is, the seller knew or was chargeable with knowledge of the defect, or from the date that the seller last attempted to repair the defect. LSA-C.C. Arts. 2534 and 2546; Peoples Water Ser. v. Menge Pump & Machinery, 452 So.2d 752 (La.App. 5th Cir.1984), writ denied, 456 So.2d 1391 (La.1984). However, if the contract is other than a sale, the ten year prescriptive period under LSA-C.C. Art. 3499 would apply.
As noted in Crowley Grain Drier, Inc. v. Fontenot, 132 So.2d 573 (La.
App. 3d Cir. 1961), in most instances the prescriptive period applicable for damages caused by a breach of contract is not one year but rather is governed by the ten year prescriptive period provided by LSA-C.C. Art. 3544, now redesignated as LSA-C.C. Art. 3499. However, unlike damages for other contractual breaches, the damages which are caused by a breach of warranty in a contract of sale are regarded as founded ih redhibition and therefore subject to the prescriptive period applicable to redhi-bitory actions. The historical reason behind the application of this shorter prescriptive period for claims for damages arising from breaches of sales contracts, as compared with that applicable to damages for breaches of other types of contracts, is the practical necessity to determine promptly and certainly whether the thing sold did or did not have the defects claimed. See also Rosenzweig v. Alexandria Seed Co., Inc., 426 So.2d 380 (La.App. 2d Cir. 1983), writ denied, 432 So.2d 269 (La.1983) and Molbert Brothers Poultry & Egg Co. v. Montgomery, 261 So.2d 311 (La.App. 3d Cir.1972). Thus, although a suit for breach of contract is generally subject to a ten year prescriptive period, an exception exists in actions for redhibition involving a thing sold which is defective and the general prescriptive period which governs breach of contract actions does not apply to these cases. Austin v. North American Forest, 656 F.2d 1076 (5th Cir., 1981). The presence of breach of warranty does not act to convert the character of an action in redhi-bition into an action for breach of contract nor does it act to alter the one year prescriptive period. Tripod Boats, Inc. v. George Engine Co., 170 So.2d 238 (La.App. 4th Cir.1964) and PPG Industries, Inc. v. Industrial Laminates Corp., supra.
It is the character of the action which determines the applicable prescriptive period. Sharpe v. Claiborne Enterprises, Inc., 461 So.2d 591 (La.App. 1st Cir.1984), writ denied, 464 So.2d 302 (La. 1985). See also American Insurance Co. v. Hartford Acc. & Indem. Co., 198 So.2d *711 757 (La.App. 1st Cir.1966), writ refused, 202 So.2d 649 (La.1967).
In the instant case, it is clear from the plaintiffs petition and the evidence presented at the hearing on the exception that plaintiffs action is in redhibition and not in contract. Plaintiff sought to rescind the sale because of-the existence of redhibi-tory vices and defects in the thing sold, or alternatively to recover damages because of the defects. Insofar as the alternative claim for damages is concerned, it amounts to an action in quanti minoris, for the reduction in the purchase price pursuant to LSA-C.C. Arts. 2541, et seq. This action is governed by the same prescriptive period applicable to a redhibitory action. LSA-C.C. Art. 2544; Rosenzweig v. Alexandria Seed Co., Inc., supra. Therefore, the trial court incorrectly held that plaintiffs action for damages was not governed by the Civil Code articles dealing with redhibition with the applicable one year prescriptive period.
The allegations set forth in plaintiffs petition and plaintiffs testimony at the hearing established that plaintiff and defendants entered into a contract of sale and the object purchased possessed certain vices or defects, such as faulty plumbing and electrical wiring. There were no allegations or evidence presented by the plaintiff that the parties had entered into a contractual relationship other than a contract of sale so as to take the action out of the one year prescriptive limitation. See Tripod Boats, Inc. v. George Engine Co., supra. Rather, plaintiff sought only rescission of the sale or damages which were caused by the delivery of a defective thing.
As noted above, an action for damages caused by a breach of warranty in a contract of sale, unlike damages for other contractual breaches, is regarded as one grounded in redhibition and thereby subject to a one year prescriptive period. The fact that plaintiff alleged that defendants warranted the faulty items in the home were in good working order would not act to convert plaintiffs action in redhibition into an action for breach of contract.
Plaintiff purchased the home on February 6, 1984 and admitted to knowledge of defects in the home as of February 15, 1984 when she sought to turn on the utilities. The instant action was not commenced until May 3,1985. Using the latest date from which the prescriptive period began to run, February 15, 1984, it is clear that plaintiffs action prescribed as more than one year passed before plaintiffs action was instituted. The trial court erred in finding that plaintiffs action in redhibition had not prescribed.
For these reasons, the judgment of the trial court is reversed insofar as it held that plaintiffs action for damages had not prescribed. The exception of prescription is sustained and plaintiffs suit is dismissed as to all demands, at plaintiffs costs, including the cost of appeal.
REVERSED IN PART AND RENDERED.