LINDSAY, Judge.
The plaintiffs, Rena Myers Lovett, Rachel Lovett Windham and Dorothy Lovett Pitcox, filed suit to annul six transfers of immovable property. The defendant is Frances Lovett Benoit. The trial court sustained exceptions of no cause of action as to four of the transfers and sustained an exception of prescription as to one of the transfers. Plaintiffs have only appealed the trial court ruling sustaining defendant’s exception of prescription. We affirm.
FACTS
The facts of this case are somewhat complicated, primarily because of the state of plaintiffs’ pleadings. Halcrome Lovett was married to Rena Myers Lovett and they had five children, Vagie J. Lovett, Bobbie H. Lovett, Rachel Lovett Windham, Dorothy Lovett Pitcox and Frances Lovett Be-noit.
On October 12, 1944, Halcrome Lovett purchased at a sheriff’s sale a forty acre tract of land described as the Southeast Quarter (SE ¼) of the Northeast Quarter (NE ¼) of Section 11, Township 11 North, Range 15 West in DeSoto Parish. Hal-crome Lovett died on February 13, 1950 and was survived by his wife, Rena, and their five children. No succession was ever opened.
Through the years following the death of Halcrome Lovett, the heirs executed six documents in favor of each other conveying their interests in specific portions of the 40 acre tract of immovable succession property-
On August 11, 1984, suit was filed by Rena Myers Lovett and two of the forced heirs, Rachel Lovett Windham and Dorothy Lovett Pitcox, to have the six transfers of property declared null and void and to have the clerk of court cancel the conveyances from the public records.[1]
*992 Plaintiffs listed numerous reasons for the invalidity of the transfers including lack of consideration, the fact that the succession was not opened, no succession representative was appointed to sell the property, there was no legal partition of the property, and there was no court order authorizing the sale of the property. Plaintiffs also contended the transfers were an impingement on the legitime and that “the description of such transactions are inaccurate.”
The disputed conveyances were attached to plaintiffs’ petition and labeled P-1, P-2, P-3, P-4, P-5, and P-6. The suit also sought an injunction against Frances Lo-vett Benoit requiring the removal of a fence on the disputed property.
The defendant filed an exception of no cause of action, claiming plaintiff’s petition failed to show that consideration or money is a requirement for the valid transfer of property, that plaintiffs failed to show a positive duty to appoint a succession representative to sell the succession property, that plaintiffs failed to show a duty to effect a legal partition or petition the court for an order to sell the succession property. Defendant also claimed plaintiff failed to show that a judgment of possession was required prior to the conveyances, nor have the plaintiffs shown that the legitime was impinged. Defendant also asserted that there was no requirement in law to annul the conveyances even if the description of the transactions was inaccurate.
The defendant then filed an exception of nonjoinder of an indispensable party, claiming that since plaintiffs’ petition sought to have the clerk of court cancel the conveyances on the public record, that the clerk of court must be joined in the suit.
On September 4,1985 a hearing was held on these exceptions and the matter was taken under advisement by the trial court. On October 4, 1985, a judgment was signed and filed by the trial court which sustained defendant’s exception of no cause of action as to the conveyances made by the instruments identified as P-1, P-2, P-3 and P-5, sustained defendant’s exception of nonjoin-der of an indispensible party, and overruled defendant’s exception of no cause of action as to P-4.[2] No appeal was taken from this judgment.
P-4 is a cash sale deed from Vagie J. Lovett, Bobbie H. Lovett, Rachel Lovett Windham, Rena Myers and Dorothy Lovett Pitcox to Frances Lovett Benoit of four acres in the southeast corner of the property for $250 and other good and valuable consideration. The deed was executed May 13, 1972 and recorded October 16, 1974 and is in authentic form.
In a letter from the trial court to counsel for the parties, the trial court indicated that defendants’ exception of no cause of action was overruled as to P-4 because “failure of consideration, if proved at trial, could result in a nullification of the transfer.” This letter was later filed into evidence by the plaintiffs.
The defendant then filed an exception of prescription as to P-4, claiming that an action to annul a sale for failure of consideration is a personal action subject to ten years liberative prescription and that the document in question was executed in 1972, some twelve years before the filing of the suit.
The defendant also alleged in the exception that if plaintiffs sought through their action to be recognized as entitled to an interest in the succession of Halcrome Lo-vett, that such an action was subject to thirty years prescription and that time period had elapsed, barring plaintiff’s action.
A judgment was signed and filed by the trial court on April 2, 1986 sustaining defendant’s exception of prescription as to P-4 and dismissing plaintiff’s petition. It is from this judgment that the plaintiffs, Rena Myers Lovett, Rachel Lovett Wind- *993 ham and Dorothy Lovett Pitcox have appealed.
In plaintiffs’ brief, they urge three assignments of error. First, they allege that the trial court erred in sustaining defendant’s exception of no cause of action as to P-1, P-2, P-3 and P-5. Plaintiffs also allege that the trial court erred in finding the clerk of court was an indispensable party to the suit. Finally, plaintiffs contend that the trial court erred in sustaining defendant’s exception of prescription as to P-4.
The plaintiffs’ first two assignments of error are based upon the prior judgment of the trial court rendered October 4, 1985. As to that judgment, plaintiffs did not obtain an order of appeal from the trial court as required by LSA-C.C.P. Art. 2121. Therefore, we do not consider the first two assignments of error argued by plaintiffs in brief.
The sole issue before this court is whether plaintiffs are barred by prescription from attacking the cash sale deed executed May 13,1972 conveying four acres of land from Vagie J. Lovett, Bobbie H. Lo-vett, Rachel Lovett Windham, Rena Myers Lovett and Dorothy Lovett Pitcox to the defendant. We find, as did the trial court, that plaintiffs’ cause of action to attack this deed has prescribed.
Plaintiffs alleged in their original petition that P-4 was invalid for two broad, general reasons. First, they allege a failure of consideration, and second, they allege nullity because several procedural formalities required for dealing with succession property were not observed. The trial court judgment sustaining defendant’s exception of no cause of action disposed of plaintiffs’ complaints concerning procedural formalities for successions and left open for consideration only the question of failure of consideration.
Ordinarily, the party who pleads prescription bears the burden of proving his claim. Pearson v. Hartford Accident and Indemnity Company, 281 So.2d 724 (La.1973); Foster v. Manville Forest Products Corp., 465 So.2d 920 (La.App. 2d Cir.1985). However, when it is apparent on the face of the pleadings that prescription has run, the burden shifts to the plaintiff to prove interruption, suspension or nonap-plicability. Lee v. Succession of Chapman, 463 So.2d 896 (La.App. 2d Cir.1985); Rosenweig v. Alexandria Seed Company, Inc., 426 So.2d 380 (La.App. 2d Cir.1983), writ denied 432 So.2d 269 (La.1983).
Actions to rescind or nullify agreements because of failure of consideration are subject to the ten year liberative prescription specified by LSA-C.C. Art. 2221.[3] Lee Lumber Company Limited v. International Paper Company, 321 So.2d 42 (La.App. 3rd Cir.1975), writ denied 324 So.2d 423 (La.1975); Giuffria Realty Company v. Kathman-Landry, Inc., 173 So.2d 329 (La.App. 4th Cir.1965).
That articles provides:
In all cases, in which the action of nullity or of rescission of an agreement, is not limited to a shorter period by a particular law, that action may be brought within ten years.
That time commences in case of violence, only from the day on which the violence has ceased; in case of error or deception, from the day on which either was discovered....
Under this authority, plaintiffs had ten years from the date of execution of the deed in May of 1972 to bring suit to rescind or annul the deed. It is apparent from plaintiffs’ pleadings that an action to rescind or annul the deed prescribed in May of 1982.
Therefore, plaintiffs’ suit, filed in 1984 was not timely. The plaintiffs have not alleged any facts nor did they offer any evidence at the hearing on the exception of prescription to indicate interruption, suspension, or nonapplicability of this prescrip *994 tive period. Therefore, the trial court was correct in sustaining defendant’s exception of prescription as to the plaintiffs’ claim to nullify the deed for a failure of consideration.
The plaintiffs’ pleadings do not allege any error in the agreement between the parties. Had such error been alleged, the prescriptive period provided by LSA-C.C. Art. 2221 would have commenced on the date of discovery of the error. Plaintiffs have not alleged nor shown when the error was discovered. In any event, since error was not pled, the prescriptive period for annulling the agreement must run from the date of its execution.
The defendant also correctly contended that plaintiffs’ suit to rescind the deed was a personal action subject to ten years liber-ative prescription. A personal action is defined by LSA-C.C.P. Art. 422 as follows:
A personal action is one brought to enforce an obligation against the obligor, personally and independently of the property which he may own, claim, or possess. .. :
A personal action is prescribed in ten years, as set forth in LSA-C.C. Art. 3499, which provides:
Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.
Again it is clear from the pleadings that more than ten years passed from the date of execution of the deed in 1972 until the filing of this suit in 1984. There is no showing of the suspension, interruption or inapplicability of this prescriptive period.
CONCLUSION
For the reasons set forth above, the plaintiffs’ action to have the cash sale deed executed May 13, 1972 conveying four acres of property from the plaintiffs to the defendant declared a nullity has prescribed. Therefore, the trial court was correct in sustaining defendant’s exception of prescription and dismissing plaintiffs’ claim of nullity of the cash sale deed represented by Exhibit P-4.
AFFIRMED, at appellants’ costs.

. The original suit against Frances Benoit named her mother, Rena Lovett, and all her siblings as plaintiffs. However, at a hearing to show the indigency of the plaintiffs for this appeal, it was learned that plaintiffs' attorney had authority to represent only Rena Myers Lovett, Rachel Windham, and Dorothy Pitcox. Plaintiffs’ order of appeal lists only Lovett, *992 Windham and Pitcox as plaintiffs. However, in addition to those three parties, plaintiffs’ attorney has included the name of Bobbie H. Lovett on the brief filed with this court.

. No notice of judgment was mailed to counsel of record for the parties, nor do the court minutes contained in this record indicate the entry of judgment. See: LSA-C.C.P. Arts. 1913, 1914.

. This lawsuit was filed in August of 1984, before the amendment to the Louisiana Civil Code Articles dealing with obligations. Therefore, former LSA-C.C. Art. 2221 and the jurisprudence interpreting that article is applicable to this case.