605 So.2d 233 (1992)
Travis MANNING, Plaintiff-Appellant,
v.
SCOTT-HIXSON-HOPKINS, INC. and Volvo Cars of North America, Defendants-Appellees.
No. 24032-CA.
Court of Appeal of Louisiana, Second Circuit.
September 23, 1992.
*234 Travis Manning, In pro per.
Arbour & Aycock by Larry Arbour, West Monroe, for appellee Scott-Hixson-Hopkins, Inc.
Hudson, Potts & Bernstein by Jan P. Christiansen, Monroe, for appellee Volvo Cars of North America.
Before HIGHTOWER, VICTORY and STEWART, JJ.
HIGHTOWER, Judge.
In this action stemming from the sale of an allegedly defective automobile, plaintiff appeals the sustaining of an exception of prescription. We affirm.

FACTS
On January 20, 1989, Travis Manning purchased a 1989 Volvo from Harold Hopkins Imports, an authorized dealer and the predecessor corporation of Scott-Hixson-Hopkins, Inc. ("Hopkins").[1] Soon after delivery of the vehicle, he experienced what he perceived as engine problems. Indeed, the automobile eventually failed to start and, on August 1, 1989, required towing to the dealership. There, a service representative informed Manning that the engine would have to be replaced. Apparently, the buyer ultimately paid $2,396.67, one-half the motor replacement cost, and either the dealership or the manufacturer absorbed the balance of the expense.
Except for two subsequently repaired oil leaks, no other problems with the automobile could be related to the engine. Plaintiff, in proper person, instituted suit against the dealership and Volvo Cars of North America ("Volvo") on August 29, 1991, seeking damages for the purchase of a car "not of the quality and value which [he] intended to purchase," for failure to honor express warranty obligations, and for auto rental expenses pursuant to LSA-R.S. 51:1948. The petition additionally alleged the manufacturer's presumptive knowledge of any defects at the time of the sale.
*235 Both defendants subsequently excepted, pleading the one-year prescriptive period applicable to redhibitory actions. Additionally, Volvo argued that suits under Louisiana's "Lemon Law," LSA-R.S. 51:1941 et seq., are governed by the same time limitations. Following a hearing on the exceptions, the trial court dismissed the suit. This appeal ensued.

DISCUSSION
On appeal, contending that some limitation other than a one-year prescriptive period applies, plaintiff simply relies upon LSA-R.S. 51:1942 and 51:1948 in maintaining that the trial court erred.
When a defect in the thing sold renders it absolutely useless, or so inconvenient in use that the law supposes a buyer would not have purchased that item had he known of the vice, an action lies in redhibition. LSA-C.C. Art. 2520; Idacon, Inc. v. Arnold Const. Co., 537 So.2d 1290 (La.App.2d Cir.1989). Such an action is premised upon an alleged breach of the implied warranty of fitness associated with all sales. Laughlin v. Fiat Distributors, Inc., 368 So.2d 742 (La.App.3d Cir.1979). So too, damages for breach of warranty in a sales contract, unlike other contractual breaches, are founded in redhibition and therefore subject to the shorter redhibitory prescription. Idacon, Inc., supra; Ponder v. Gambrell, 490 So.2d 708 (La.App.2d Cir. 1986). See also Austin v. North Am. Forest Products, 656 F.2d 1076 (5th Cir.1981). Even the presence of an express warranty does not convert such an action into one for breach of contract, nor alter the prescriptive period. Idacon, Inc., supra; Tripod Boats, Inc. v. George Engine Co., 170 So.2d 238 (La.App. 4th Cir.1964). See also PPG Industries, Inc. v. Industrial Laminates Corp., 664 F.2d 1332 (5th Cir.1982). Similarly, Louisiana's "Lemon Law," LSA-R.S. 51:1941 et seq., is founded in, and subject to the prescription of, redhibition.[2]Ford Motor Credit Co. v. Bower, 589 So.2d 571 (La.App. 1st Cir.1991). Of course, a buyer's suit for reduction of price is subject to the same rules and limitations as redhibition. LSA-C.C. Art. 2544.
A redhibitory action prescribes one year after the date of sale, or one year from discovery of the defect if the seller is in bad faith, that is, knew or is chargeable with knowledge of the defect. LSA-C.C. Art. 2534; Idacon, Inc., supra; Ford Motor Credit Co., supra; White v. Ford Motor Co., 525 So.2d 96 (La.App.3d Cir.1988). Additionally, when attempts to repair are performed, prescription does not commence until such efforts are abandoned. Ford Motor Credit Co., supra; Robertson v. Chrysler Corp., 424 So.2d 1184 (La.App. 1st Cir.1982).
Of course, it is the exceptor who ordinarily must show the action barred by prescription. Mangham v. B. & C. Wood Co. Inc., 561 So.2d 822 (La.App.2d Cir. 1990), writ denied, 566 So.2d 984 (La.1990); Ford Motor Credit Co., supra. However, where the petition shows that his claim has prescribed, the buyer bears the burden of proving otherwise. Rozenzweig v. Alexandria Seed Co., Inc., 426 So.2d 380 (La.App. 2d Cir.1983), writ denied, 432 So.2d 269 (La.1983); Ford Motor Credit Co., supra; Rider v. LeCompte, 398 So.2d 114 (La.App. 3d Cir.1981); Gustin v. Shows, 377 So.2d 1325 (La.App. 1st Cir.1979).[3] Similarly, once a defendant proves that one year elapsed either from discovery of the defect or from abandonment of repair, the burden shifts to the purchaser to demonstrate interruption or suspension of prescription. Ford Motor Credit Co., supra; Panagiotis v. Gauthier-Matherne Homes, 571 So.2d 881 (La.App. 3d Cir.1990).
In the case sub judice, the petition plainly shows Manning's awareness of the *236 alleged defect by August 1, 1989, at the latest. That document likewise indicates that the remediation, engine replacement, also transpired upon the vehicle being towed to "Hopkins' ... location" on that date. Thus, prescription being conspicuously disclosed, and plaintiff then failing to carry his burden of proof, the buyer's action against the dealership obviously elapsed.
Turning to the other defendant, a manufacturer is jurisprudentially presumed to know of any defect in his product. Young v. Ford Motor Co., Inc., 595 So.2d 1123 (La.1992). Accordingly, prescription commences in his favor only upon discovery of the imperfection by the consumer. See Goodman v. Roberts, 587 So.2d 807 (La.App. 3d Cir.1991); Panagiotis, supra; White, supra; Rider, supra. Yet, even benefiting plaintiff with that presumption, a result contrary to the present judgment would not ensue regarding Volvo. Clearly, the petition still discloses discovery more than two years before institution of suit, and plaintiff failed to respond appropriately to the exception.
Furthermore, at the trial of the exception, neither defendant relied solely upon the disclosures within the petition. Instead, both exceptors introduced plaintiff's Answers to Interrogatories. In that document, Manning conceded that the last delivery of the automobile to the dealership in connection with engine replacement occurred in August 1989, and that the final attempted repair by the dealer, even of a minor nature, transpired on November 28, 1989. Such evidence, of course, even more clearly reflects that the action had prescribed as to both the dealership and the manufacturer. And, in view of plaintiff's failure then to demonstrate interruption or suspension, the trial judge correctly found the action untimely.
So, in summary, plaintiff's claim had prescribed against both the dealership and the manufacturer before institution of suit on August 29, 1991.[4]

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
VICTORY, J., concurs in part, dissents in part, with written reasons.
VICTORY, concurring in part, dissenting in part.
I agree that all of plaintiff's claims against the seller have prescribed, as well as his claims against Volvo in redhibition and under the Louisiana Lemon Law.
However, plaintiff also alleged his car broke down within Volvo's express written warranty and that the warranty was still in effect when suit was filed. On its face, plaintiff's petition does not show his claim under the express written warranty is prescribed. Volvo failed to produce the warranty at the hearing on its exception of prescription. Thus, we do not know if the Volvo warranty grants a longer period of time than that provided in redhibition or under the Louisiana Lemon Law for the buyer to assert a claim under the warranty.
I would reverse the trial court ruling with regard to plaintiff's claims against Volvo under the express written warranty because Volvo did not prove they are prescribed.
NOTES
[1] Subsequent to the automotive purchase at issue, according to the brief of Scott-Hixson-Hopkins, Inc., that corporation assumed all liabilities of Harold Hopkins Imports.
[2] We additionally note that those Lemon Law remedies requiring vehicle replacement, refund of purchase price, or rental reimbursement, appear to be a responsibility of only the manufacturer. See LSA-R.S. 51:1944, 51:1948.
[3] Cf. also Alexander v. Minnieweather, 595 So.2d 802 (La.App. 2d Cir.1992), concerning tort litigation; Lee v. Succession of Chapman, 463 So.2d 896 (La.App. 2d Cir.1985), regarding filiation; Succession of Lovett, 501 So.2d 990 (La.App. 2d Cir.1987), dealing with annulment of a sale of immovable property.
[4] Plaintiff also contended at the hearing that LSA-R.S. 51:1948(B) extended defendants' exposure for rental vehicle reimbursement. Of course, as previously mentioned in Footnote 2, only the manufacturer faces such a responsibility. Moreover, that duty exists merely during the time of the express warranty or for two years following original delivery, whichever period occurs first. See also LSA-R.S. 51:1942. Under the instant circumstances, delivery of the automobile clearly transpired more than two years before institution of suit.