963 So.2d 1089 (2007)
Winnifred A. HOLLINGSWORTH, Plaintiff-Appellant,
v.
Britt K. CHOATES, Judy Shores, Susan King, and Prudential Preferred Properties, Defendants-Appellees.
No. 42,424-CA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 2007.
*1091 Sheva M. Sims, Shreveport, for Appellant.
Jefferson R. Thompson, for Appellee, Britt K. Choate.
Julio E. Rios, Shreveport, for Appellee, Judy Shores.
Mayer, Smith, & Roberts, LLP by Walter Hunter, Jr., Alexandria, for Appellees, Susan King and Prudential.
Before STEWART, CARAWAY, and LOLLEY, JJ.
LOLLEY, J.
Winnifred Hollingsworth appeals a judgment by the Twenty-Sixth Judicial District Court, Parish of Bossier, Louisiana, which dismissed her suit based on prescription in favor of Britt Choate, Judy Shores, Susan King, and Prudential Preferred Properties. For the following reasons, we affirm in part and reverse in part.

FACTS
This lawsuit arises from the sale of a home located at 112 Esplanade Court, Bossier Parish, Louisiana, by the seller, Judy Shores, to the buyer, Winnifred Hollingsworth, on June 17, 2005. Hollingsworth, an attorney, brought suit alleging a "major leak in the front of the bedroom of said property" against: the seller, Shores; the real estate agent, Susan King and Prudential Properties; and the alleged builder, Britt Choate.[1] Hollingsworth fax-filed a petition on June 16, 2006, and filed the original petition under the same suit number on June 23, 2006. Defendants assert that the original petition filed on June 23rd differed from the fax-filed suit on June 16th. The petition, they argue, had no force or effect as set forth in the provisions of La. R.S. 13:850, and as a result the instant suit was untimely. Accordingly, each defendant filed an Exception of Prescription alleging that one year had passed, and the causes of action had prescribed. After a hearing on the issue of prescription, the trial court granted the exception as to all defendants. We note that Choate also filed an exception of no cause of action which was not disposed of at the hearing. Hollingsworth now appeals.

LAW AND DISCUSSION
At the outset we agree with the trial court's finding that the first petition fax-filed by Hollingsworth was moot in light of the fact that the petition that was physically filed was different. Louisiana R.S. 13:850 states, in part:
A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete *1092 at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.
B. Within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
(1) The original signed document.

(2) The applicable filing fee, if any.
(3) A transmission fee of five dollars.
C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.
(Emphasis added.) Accordingly, the date that will be used in determining the timeliness of the various causes of action in the case at hand will be the latter date of June 23, 2006.

The Builder
No Cause of Action
Choate contends that he is not the "builder" as defined by the New Home Warranty Act, La. R.S. 9:3141, et seq. Louisiana R.S. 9:3143(1) provides:
"Builder" means any person, corporation, partnership, limited liability company, joint venture, or other entity which constructs a home, or addition thereto, including a home occupied initially by its builder as his residence. A person, corporation, partnership, limited liability company, joint venture, or other entity which constructs a home, or any addition thereto, is a "builder", whether or not the consumer purchased the underlying real estate with the home.
Choate asserts that no cause of action exists in light of the fact that the New Home Warranty Act, which is the exclusive remedy between builder and seller, does not apply to him in his individual capacity. We agree.
In reviewing an exception of no cause of action, the appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears on the record. Toledo Bend Proprietors v. Sabine River Authority, 395 So.2d 429, (La.App. 3d Cir.1981), writ denied, 400 So.2d 903 (1981). Further, when the petition fails to state a cause of action but may be amended to cure the defect, the court shall grant the plaintiff leave to amend. La. C.C.P. art. 934; Carter v. Exide Corp., 27,358 (La. App.2d Cir.09/29/95), 661 So.2d 698, citing Thornton v. Heritage Fed. Say. and Loan Ass'n, 459 So.2d 115 (La.App. 2d Cir.1984).
Here, the exclusive remedy available to Hollingsworth against a builder arises from the New Home Warranty Act. La. R.S. 9:3150; Nolan v. Roofing Supply, Inc., 36,403 (La.App.2d Cir.11/26/02), 833 So.2d 1026. After a review of the record, we find that Hollingsworth failed to bring suit against the correct party. It is clear that Choate is not the "builder" as defined by the New Home Warranty Act; Hollingsworth erroneously brought suit against him personally in that capacity. To support his exception of no cause of action, Choate included the initial cash sale deed into evidence. The deed reflects that on March 3, 2003, the property at issue was conveyed to the initial purchaser, Shores, by Briley Companies, LLC, the actual builder. Whereas Choate signed the cash sale deed as manager on behalf of Briley Companies, LLC, and may have had a role in the construction of the property at issue, *1093 Choate cannot be sued personally as the builder. La. R.S. 12:1320(C); Northeast Realty, L.L.C. v. Misty Bayou, L.L.C., 40,573 (La.App.2d Cir.01/25/06), 920 So.2d 938. Therefore, we grant the exception of no cause of action. We reverse and remand to the trial court and allow Hollingsworth leave to amend the petition.
Prescription
We further note that should Hollingsworth amend the suit to include the appropriate party, the cause of action stemming from the New Home Warranty Act has not prescribed in its entirety. Louisiana R.S. 9:3144 states, in part:
A. Subject to the exclusions provided in Subsection B of this Section, every builder warrants the following to the owner:
(1) One year following the warranty commencement date, the home will be free from any defect due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards.
(2) Two years following the warranty commencement date, the plumbing, electrical, heating, cooling, and ventilating systems exclusive of any appliance, fixture, and equipment will be free from any defect due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards.
(3) Five years following the warranty commencement date, the home will be free from major structural defects due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards.
The "warranty commencement date" is "the date that legal title to a home is conveyed to its initial purchaser or the date the home is first occupied, whichever occurs first." La. R.S. 9:3143(7). Any action to enforce rights under this act "shall be subject to a preemptive period of thirty days after the expiration of the appropriate time period provided in R.S. 9:3144." La. R.S. 9:3146.
Since the instant suit was filed over three years after the warranty commencement date of March 4, 2003, the date of the initial cash sale deed, Hollingsworth is perempted from bringing a cause of action for defects that are covered under the one- and two-year warranties as provided by subsection (A)(1) and (A)(2). However, a trial on the merits will determine whether the defect at issue is warrantied under the five-year prescriptive period: this limited action has not prescribed.

The Seller
Hollingsworth's claims against Shores are based on redhibition. The seller of a house warrants the buyer against redhibitory defects which render the house either useless or its use so inconvenient that it must be presumed the buyer would not have purchased it had he known of the defect or would have purchased it at a lesser price. La. C.C. art. 2520. Damages that may be demanded are the difference between the sale price and the price that a reasonable buyer would have paid if he had known the defects. La. C.C. art. 2541, Official Revision Comment (b); Whitehead v. Humphrey, 42,078 (La.App.2d Cir.05/04/07), 954 So.2d 859.
A redhibitory action involving the sale of residential immovable property prescribes one year from the day delivery of the property was made to the buyer when the seller did not know of the existence of the defect, or one year from the day the defect was discovered by the buyer when the seller either knew or is presumed to have known of the defect. La. *1094 C.C. art. 2534(C). The seller bears the burden of showing the redhibitory action is barred by prescription. Manning v. Scott-Hixson-Hopkins, Inc., 605 So.2d 233 (La.App. 2d Cir.1992). However, where the petition shows that the claim has prescribed, the buyer must prove otherwise. Id. Also, once the seller proves the lapse of one year, either from the date of delivery or the date of discovery of the defect, whichever applies, the burden shifts to the buyer to show an interruption or suspension of prescription. Id.
In the instant case, Shores made Hollingsworth aware of the leak at the time of sale. At the time of sale, Shores included a document, signed by Hollingsworth, which explained that the problem "was a piece of rubber weather stripping missing at the base of the window." Unfortunately, after further investigation the cause of the leak differed from the original determination Shores had conveyed. At the hearing, the cause of the leak was briefly discussed where it was explained that the cause may not be the window, but rather the stucco was improperly installed at the window ledge. Because the cause, namely the stucco on the ledge, was unknown to Shores at the time of sale, it is clear that Shores was in good faith when she sold the house. As such, the claim of redhibition on the face of the petition appears to have prescribed since the lapse of one year has occurred from the date of delivery. The burden shifts to Hollingsworth to show that interruption has occurred and that her claim has not prescribed.
Louisiana C.C. art. 2534(C) states that, "In any case prescription is interrupted when the seller accepts the thing for repairs and commences anew from the day he tenders it back to the buyer or notifies the buyer of his refusal or inability to make the required repairs." Although the record shows some evidence that Shores was made aware of the new reason for the leak, nothing suggests that she "accepted" the house for repair. Choate may have discussed the matter with Shores; however, the record suggests that Choate was attempting to repair the leak of his own accord, and not on behalf of Shores as a seller. At the hearing, Hollingsworth herself admitted that she never spoke with Shores about fixing the problem. We find that Hollingsworth failed to carry her burden to show that Shores agreed to make the repairs; therefore, since prescription was not tolled, pursuant to La. C.C. art. 2534, the action is prescribed.

The Real Estate Agent
Hollingsworth's action against Susan King and Prudential Preferred Properties ("Prudential") is based upon fraud or negligent misrepresentation. A purchaser's remedy against a real estate broker is limited to damages for fraud under La. C.C. art. 1953, et seq. or for negligent misrepresentation under La. C.C. art. 2315. Duplechin v. Adams, XXXX-XXXX (La.App. 1st Cir.11/09/95), 665 So.2d 80, writ denied, 1995-2918 (La.02/02/96), 666 So.2d 1104. King and Prudential contend that these claims against them, which are subject to the one-year liberative prescription for delictual actions, have prescribed. We agree. Simply, since the petition was filed over a year after the sale of the home, and nothing in the record or on appeal refutes the one-year prescriptive period, we affirm the trial court.

CONCLUSION
For the foregoing reasons, we affirm the findings of the trial court with respect to Susan King and Prudential Preferred Properties and Judy Shores. This case is remanded to the trial court for Winnifred *1095 Hollingsworth to amend her petition within 15 days to identify the builder and continue her cause of action. The costs of this appeal are to be borne by Hollingsworth.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
NOTES
[1] In her petition, Hollingsworth incorrectly identified Britt K. Choate as Britt K. Choates.