GULOTTA, Judge.
This is a suit on open account wherein plaintiff, Frank Brigtsen, Inc., claims $538.72 payment is due for approximately 6,500 bricks ordered by defendant, John Swegel, delivered to defendant’s home and used by him, and for drayage cost for removal of 13,500 remaining bricks which were unused. Defendant filed a reconven-tional demand seeking dismissal of plaintiff’s suit and in the alternative that if there be judgment in favor of plaintiff, then there be corresponding judgment for a like amount in favor of defendant based on redhibition.
*580 The trial court dismissed plaintiff’s suit with costs assigning as reasons that though not defective structurally, the bricks were defective in their coating; therefore, defendant owed nothing to plaintiff.
The issue for our determination is simply whether the trial court’s finding was manifestly erroneous.
Approximately 20,000 bricks were originally delivered by plaintiff to defendant’s residence at 1421 Seminole Avenue, Metairie. Plaintiff had ordered the 20,000 bricks to be used in the construction of his house and garage. The brick was a special Spanish moss simulated old brick. The finish, if properly done, was baked into the brick at the kiln. Some of the bricks had a baked on white coating; others had gold, reddish or black coatings. The price was $61.00 per thousand plus tax and the total amount was $1,268.80 for the entire order.
Once the bricks were delivered, the Swegels hired a bricklayer to begin work on the garage. He began at the rear of the garage on Saturday May 7, 1969, and several thousand bricks were laid on a five-foot high wall of the garage that afternoon. Mrs. Swegel testified that it rained Saturday night and the following day she noticed the coating of color appeared to wash off of the bricks already installed on the garage leaving them faded and discolored. Mrs. Swegel called this to the attention of her husband who examined the bricks on Monday. The bricklayer had worked on Monday, but upon seeing the problem with the bricks that night, defendant stopped the work. Defendant testified that because of the unusual appearance of the washed off bricks, he felt he should stop the bricklaying since the bricks were not suited for the purpose of creating an old brick effect on the garage because they ruined the desired appearance.
Defendant notified plaintiff of the unusual discoloration of the bricks and requested that plaintiff come to his home to examine the bricks, which the plaintiff did along with a representative of the brick manufacturer. Defendant testified that the factory representative offered to have a white “slurry” or special coating painted on to the bricks which had faded from the water. However, defendant felt this painting might ruin the black mortar used in between the bricks already laid and thus refused. The parties could not agree on who should bear the cost of hauling away the remaining bricks which defendant rejected. Eventually, plaintiff hauled away the 13,500 unused bricks from defendant’s premises. Plaintiff then sued for reimbursement for the 6,500 bricks used and for drayage, i. e., the fee to haul away the 13,500 bricks.
We are convinced from the record that the complaint registered by the Swegels was a valid one. Both Mr. and Mrs. Swegel testified to the washing off of the coating that was to have been baked onto the bricks. The photographs which served as exhibits at the trial of this matter indicate that the designated five foot high area, where the defectively coated bricks had been laid on the garage, differed appreciably in appearance from the remainder of the garage which was subsequently installed and which had the desired effect. The patch of bricks complained of was distinctively faded.
Plaintiff’s contention that defendant’s failure to show a structural defect in the bricks prevented defendant from availing himself of the articles of the Civil Code on redhibitory defects is without merit.
It is our opinion that in his reconventional demand, defendant successfully carried the burden of proving by a preponderance of the evidence that the coating on the bricks was defective and washed away, thus the bricks were not suitable for the desired purpose.
L.C.C. art. 2520 reads:
“Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed *581 that the buyer would not have purchased it, had he known of the vice.”
and L.C.C. art. 2546 states:
“In this case, the action for redhibition may be commenced at any time, provided a year has not elapsed since the discovery of the vice.”
Clearly, an old brick effect which was permanently baked into the brick was desired by defendant when he purchased the bricks. When the coating washed off and faded with the rain, the old brick effect was lost. Defendant, having chosen these particular Spanish moss bricks with the baked on coating for their special appearance, obviously would not have purchased them had he known the coating would fade so noticeably from mere rain water. Thus, a vice existed in the brick for which the defendant could avoid the sale under L.C.C. 2520.
In view of our determination that the coating on the bricks was defective, we are of the opinion that the trial judge was correct in not assessing drayage fees to defendant. Plaintiff had to remove the bricks at its own expense.
Accordingly, we find the trial judge’s conclusion that the bricks were defective in their coating was not manifestly erroneous, and the judgment dismissing plaintiff’s suit is affirmed with costs to be paid by plaintiff.
Affirmed.