LEMMON, Judge.
The principal issue in defendant’s appeal from a judgment awarding damages to plaintiff is whether the evidence preponderated in favor of the conclusion that plaintiff’s ingestion of a food product manufactured by defendant caused an aggravation of plaintiff’s pre-existing peptic ulcer.
In June, 1972 plaintiff was hospitalized for 13 days with a bleeding ulcer. Dr. Wesley Lake, a specialist in internal medicine, administered treatment, and the ulcer was under control by August. In September plaintiff was released from treatment to return to a normal diet and had no further problems over the next five months.
In the evening of February 5, 1973 plaintiff, asked by his son to taste a popsicle manufactured by defendant, took a bite and immediately sensed a bitter taste and a severe burning to his tongue and mouth. He spit out the food, washed out his mouth and drank water, milk and iced tea to soothe the burning.
The burning sensation continued throughout the night. (Plaintiff’s wife, describing him as “terrified” from fear of food poisoning, stated he paced the floor all night.) The next morning plaintiff consulted Dr. Lake, who prescribed medication for the burning.
Plaintiff returned to work the following day, but when his stomach became upset that evening and he vomited what appeared to be blood, he went to the hospital, where a physician on Dr. Lake’s advice admitted him for observation and testing.
Dr. Lake found no evidence of active bleeding, but because X-rays in gastrointestinal testing indicated the possibility of an exacerbation of the ulcer problem, he referred plaintiff for gastroscopic evaluation to Dr. Thomas McCaffery, an internist subspecializing in gastroenterology. That testing confirmed the presence of an active ulcer.
Plaintiff did well under the concurrent treatment of both doctors, although he had to undergo the very painful gastroscopic test two more times. The ulcer healed within a month or two, and plaintiff suffered no further problems after May.
In seeking reversal on liability, defendant relies heavily on Dr. McCaffery’s opinion that, despite the temporal relationship between the popsicle incident and the ulcer attack, emotional disturbance does not cause ulcers. This case, however, does not involve the causation of an ulcer, but rather the aggravation of a pre-existing ulcer. Both physicians agreed that anxiety and emotional disturbance are considered to be factors which aggravate a pre-existing ulcer.
Plaintiff proved the popsicle was contaminated with calcium chloride. He reasonably became upset and worried when the burning sensation continued long after the food ingestion, particularly in view of his relatively recent stomach problems. While admittedly there are other causes of ulcer aggravation, emotional disturbance (which is one cause) occurred just prior to this aggravation. Particularly in view *758 of Dr. Lake’s testimony that “knowing Mr. Roniger and his reaction to the ingestion I would be willing to say his peptic ulcer disease (sic) was aggravated by the whole episode,” we conclude it is more probable than not that the incident caused the aggravation.
Both sides argue for modification of the lump sum award of $2,000.00.
Plaintiff produced itemized statements to prove the following special damages:
Chemical testing of popsicle $ 35.00
Hospitalization 190.00
Dr. Lake 92.00
Dr. McCaffery 300.00
Total $617.00
His additional claims for medication expenses of $135.80 and loss of wages of $405.00 (9 days at $45.00 per day during hospitalization, gastroscopic treatment and office visits), while not corroborated by documentary records, are relatively consistent with his proven disability (except for the four office visits which should not cause a salesman to lose a full day’s wages). Jordan v. Travelers, 257 La. 995, 245 So.2d 151 (1971).
Plaintiff argues the trial judge overlooked the large amount of special damages, while defendant contends the trial judge’s award was excessive for relatively insignificant damages, if any were proved. Plaintiff’s establishment of causation and the necessity for medical treatment entitle him to most of the special damages claimed. Nevertheless, we cannot say after reviewing the record that the award of general damages was either so inadequate or so excessive as to constitute an abuse of the “much discretion” accorded the trier of fact by C.C. art. 1934(3).
The judgment is affirmed.
Affirmed.