**PPG INDUSTRIES, INC.,**
**Plaintiff-Appellant,**

v.

**INDUSTRIAL LAMINATES**
**CORPORATION,**
**Defendant-Appellee.**

**No. 81–3187**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 7, 1982.

---

William N. Faller, Baton Rouge, La., for plaintiff-appellant.

Michael A. Patterson, Baton Rouge, La., for defendant-appellee.

Before CLARK, Chief Judge, RUBIN and SAM D. JOHNSON, Circuit Judges.

CLARK, Chief Judge:

The sole issue in this diversity case involving defective construction materials is which prescriptive period is applicable to plaintiff's cause of action under Louisiana law. We agree that the action was properly treated as one in redhibition calling for a one-year period.

 Plaintiff PPG Industries, Inc. was a subcontractor for the construction of a building in Baton Rouge, Louisiana. As part of its contract with the general contractor, PPG agreed to install spandrel panels on the curtain wall of the building. PPG contracted in turn with the defendant, Industrial Laminates Corporation, for a supply of spandrel panels meeting certain specifications. Industrial Laminates manufactured and delivered the panels to the job-site where they were installed by PPG. After installing the panels and paying the contract price for them, PPG discovered that the panels were delaminating. Industrial Laminates acknowledged this failure and sent replacement panels, the last of which was received in March 1976. PPG removed the defective panels and installed the replacement panels. Upon completion of the contract in March 1977 the owner of the building, pursuant to a release and agreement with PPG, withheld $51,487.29 from PPG because of construction losses associated with the defective panels. One year later, on March 8, 1978, PPG filed suit against Industrial Laminates seeking $51,-487.29 for the sum withheld by the owner, $23,000.00 for the extra labor cost incurred in replacing the defective panels, and $25,-512.31 for interest lost on all the funds withheld by the owner over the duration of these events.[1] The district court granted summary judgment for defendant, holding

that the cause of action under Louisiana law was one in redhibition,[2] and therefore barred by a one-year period of prescription. La.Civ.Code Ann. art. 2534 provides that a redhibitory action must be instituted within a year, at the farthest, commencing from the date of the sale. This limitation does not apply where the seller had knowledge of the vice and neglected to declare it to the purchaser, *ibid.* Louisiana law imputes such knowledge to the manufacturer. *E. g. Phillipe v. Browning Arms Co.*, 395 So.2d 310, 318 n.15 (La.1981) (on rehearing). The one year period does not begin to run in such cases until the discovery of the vice. La.Civ.Code Ann. art. 2546. *Cotton States Chemical Co. v. Larrison Enterprises, Inc.*, 342 So.2d 1212, 1214–15 (La.App.1977). In any case, the one year period does not begin to run until the seller abandons his attempts to repair. *E. g. Weaver v. Fleetwood Homes of Mississippi*, 327 So.2d 172, 176–77 (La.App.1976). Here, the defect was discovered in 1973. However, Industrial Laminates continued efforts to repair until March, 1976. Thus, if this is an action in redhibition, the action would have prescribed March 1977, a year before suit was filed.

On appeal the plaintiff urges two main points: (1) that the suit is founded on an express warranty contained in the purchase order[3] so that the ten-year prescriptive period to an action for breach of contract applies; and (2) that PPG's action is one for indemnity from Industrial Laminates, and as such is governed by the ten-year prescription for actions in quasi-contract.

PPG relied heavily on *Delta Refrigeration Co. v. Upjohn Co.*, 432 F.Supp. 124 (W.D.La.1977), *aff'd* 575 F.2d 879 (5th Cir. 1977), *cert. denied*, 439 U.S. 984, 99 S.Ct.

---

1. For two years prior to correction and replacement the owner had withheld $145,000.00 from PPG because of the defective panels.

2. Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it had he known of the vice. La.Civ. Code Ann. art. 2520.

3. The purchase order required the architect's approval, and further stated:

 "Seller guarantees that the product covered by this order shall be of merchantable quality and fit for the use intended and guarantees the products for the number of years indicated in the block at right." The block on the purchase order was not completed to indicate any duration.

574, 58 L.Ed.2d 655 (1978), for its argument that a suit founded on an express warranty is one for breach of contract and not redhibition. In *Delta Refrigeration* the plaintiff sued the manufacturer of a polyurethane spray foam used for building insulation upon discovering that the foam's flame and heat resistance was not as great as that represented by the manufacturer's advertisements. The complaint in that action was held not time barred as a redhibitory action:

> Here, Upjohn represented that its CPA 425 was flame-retardant and self-extinguishing, claims which the facts of this case show are not so, and were held to be misleading and unfair ... The thrust of plaintiff's claim is to recover, not for a hidden defect, a redhibitory vice; instead, it is to be awarded damages for breach of the express warranties Upjohn made when it sold the chemicals. Therefore, the proper prescriptive period is founded in La. R.C.C. art. 3544—ten years—not the one-year period provided by Art. 2534.[4]

432 F.Supp. at 127. The district court in the present case declined to follow *Delta Refrigeration*. It reasoned that under a correct interpretation of Louisiana law there is no difference to prescription of an action in redhibition whether it is predicated upon an express warranty or on the warranty implied by law in all sales. The district court misapprehended the holding in *Delta Refrigeration* to be broader than it is. However, the legal reasoning expressed in *Delta Refrigeration* and that used by the district court in this case can be harmonized.

■ The district court correctly stated that the presence of an express warranty does not convert an action for redhibition into an action for breach of contract, nor does it alter the one-year prescription for redhibitory suits. Indeed, the Louisiana statutes explicitly recognize that breach of an express warranty gives rise to an action in redhibition where the declaration by the seller as to the product's qualities forms the principal motive for the purchase. La.Civ. Code Ann. art. 2529. So too, the courts in Louisiana have held unequivocally that actions based on a breach of warranty against defects are to be brought in redhibition instead of as a breach of contract. *See Molbert Bros. Poultry & Egg Co. v. Montgomery*, 261 So.2d 311, 314 (La.App.1972) and cases cited therein. *See also Austin v. North American Forest*, 656 F.2d 1076, 1083 (5th Cir. 1981). *Delta Refrigeration* does not challenge this fundamental Louisiana law nor does it hold that where an action in redhibition involves an express warranty the prescription period for breach of contract applies. Rather the district court there held and we affirmed that the action simply wasn't one in redhibition since it did not seek to recover for a hidden, or redhibitory defect. 432 F.Supp. at 127. There was no allegation that the foam was defectively manufactured. Rather the facts showed that even "state of the art" foam did not possess the requisite flame-retardant qualities. On this basis the court apparently reasoned that the foam contained no defect and hence redhibition would not lie.[5]

Had the court in *Delta Refrigeration* concluded that the claim *was* one in redhibition but that the presence of an express warranty somehow superceded the one-year prescription, we would have faced the question the district court thought it was facing. However, *Delta Refrigeration* does not contain the vice which the defendant and court below attribute to it.

■■ That this action is one in redhibition under Louisiana law is easily discerned. Redhibition is the remedy when the defect in the thing sold renders it absolutely useless or its use so inconvenient and imperfect

---

**4.** This court affirmed the district court without opinion. 575 F.2d 879 (5th Cir. 1977).

**5.** However, Louisiana has held that redhibition lies even where the absence of a stated quality does not constitute a defect if the quality which it supposedly contained (such as flame-retardance) was the principal motive for the buyer's purchase. *Fusilier v. Ardoin*, 266 So.2d 531 (La.App.1972); *Reiners v. Stran-Steel Corp.*, 317 So.2d 657 (La.App.1975).

that it must be supposed that the buyer would not have purchased the thing had he known of the vice. La.Civ.Code Ann. art. 2520. *See Ark.-La.-Tex. Builders & Realty, Inc. v. Hoge,* 344 So.2d 90 (La.App.1977); *Riche v. Krestview Mobile Homes, Inc.,* 375 So.2d 133 (La.App.1979); *Womack and Adcock v. 3M Business Products Sales, Inc.,* 316 So.2d 795 (La.App.1975). The following are examples of redhibitory vices: a cracked engine block, *Leson Chevrolet Co. v. Barbier,* 173 So.2d 50 (La.App.1962) (1967); termite damage, *Pursell v. Kelly,* 139 So.2d 12 (La.App.1962), aff'd 244 La. 323, 152 So.2d 36 (1963); an inadequate building foundation, *Sterbcow v. Peres,* 222 La. 850, 64 So.2d 195 (1953); a contaminated popsicle, *Roniger v. Borden, Inc.,* 309 So.2d 756 (La.App.1975). Without question the district court correctly concluded that the delamination of the spandrel wall panels, which were only valuable if they stayed intact, fits squarely into the definition of redhibition under Louisiana law.

PPG cites, besides *Delta Refrigeration,* several Louisiana cases where express contractual obligations supposedly mandated application of the prescriptive period for breach of contract. These cases are likewise easily distinguishable. In *Weathermaster Parts & Service, Inc. v. McCay,* 242 So.2d 306 (La.App.1970), McCay had bought an air conditioner manufactured by the Trane Company which carried a warranty obligation to replace the compressor during the second through fifth year after installation. The original compressor failed after 27 days, and a new one was installed by Weathermaster Parts which then sued McCay for the installation cost for this second compressor. McCay brought a third party action against Trane demanding reimbursement of the cost of the second installation. The court held that the prescriptive period for breach of contract governed this third party action. The inapplicability of this case can be readily seen. The third party action did not seek to avoid the sale of the original compressor due to a hidden defect, but was concerned solely with a collateral matter, namely the cost of installation of the second compressor. Also,

Trane did not plead the one-year prescription for redhibition but rather pled the general one year tort prescription. There is no suggestion that the issue of redhibition was faced by the court.

■ *S. H. Hanville Lumber and Export Co. v. C–B Lumber Co.,* 52 So.2d 61 (La. App.1951) cited by PPG is inapplicable because there the plaintiff's complaint was not that the defendant's lumber contained a hidden defect, but that the defendant sent grade "D" lumber instead of grade "C". Where the plaintiff's claim is based on the defendant's failure to supply the correct type of material, rather than a defect in the material itself, an action for breach of contract will lie, *Victory Oil Co. v. Perret,* 183 So.2d 360, 363 (La.App.1966). Here PPG received the correct type of material.

■ PPG argues that since the panels were not readily separable and could not be returned to the seller in avoidance of the sale, redhibition will not lie because the statute envisions the return by the buyer of movable or separable objects. This argument is without merit. Redhibition encompasses those situations where the product cannot be returned. *Molbert Bros. Poultry & Egg Co. v. Montgomery,* 261 So.2d 311, 314 (La.App.1972); *Frank Brigsten, Inc. v. Swegel,* 258 So.2d 579 (La.App.1972). For example, in *Frank Brigsten* the buyer was not required to return defective bricks which had already been installed.

PPG's second major contention, that this is a suit for indemnity and as such is governed by a ten-year prescription period, is disposed of by the case on which PPG purports to rely, *Minyard v. Curtis Products, Inc.,* 251 La. 624, 205 So.2d 422, 427 (1967). There, the Supreme Court of Louisiana stated that the prescriptive period applicable to actions in redhibition would apply to that part of the action for indemnity between a buyer and its seller. The claims which were held not to be time barred in *Minyard* were those between parties which were not in a buyer-seller relationship. 205 So.2d at 427.

PPG's argument that it could not have ascertained within a year the extent to which it would be owed indemnity from Industrial Laminates is a compelling one. No doubt in any construction project such as this it would oftentimes be unrealistic, or at least inconvenient, to expect a subcontractor like PPG to file an action against its materialman in advance of a suit against or a final settlement with the prime contractor or owner. Yet suit can be, and frequently is, filed after the occurrence of an event giving rise to an injury before the full extent of the damage is known. For example, the plaintiff who has a tort claim for damages for personal injury must sue within one year in Louisiana, La.Civ.Code Ann. art. 2315. The reason for the short prescriptive period in redhibitory actions is the practical necessity to determine promptly and certainly whether the article sold did or did not have the vices claimed. *Victory Oil v. Perret*, 183 So.2d 360, 363 (La.App.1966). But whether the one year prescription in such a context as the present case is unjust is a matter for the Louisiana legislature or its courts to decide. The present state of the law clearly mandates dismissal of PPG's claim as time barred.

PPG's other argument, that Industrial Laminates is a contractor, or should stand in the shoes of the contractor so that the ten-year prescription period applicable to contractors, La.Civ.Code Ann. art. 2762 should apply, is wholly without merit.

The judgment of the district court is AFFIRMED.