**NOT RECOMMENDED FOR PUBLICATION**

File Name: 15a0595n.06

No. 14-1460

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JAY HADLEY and LINDA HADLEY, | ) | **FILED** |
| | ) | Aug 20, 2015 |
| Plaintiffs-Appellants, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF MICHIGAN |
| CHRYSLER GROUP, LLC, and | ) | |
| TRW AUTOMOTIVE HOLDINGS CORP., | ) | |
| | ) | **OPINION** |
| Defendants-Appellees. | ) | |

BEFORE: GIBBONS and STRANCH, Circuit Judges; REEVES, District Judge.*

**PAMELA L. REEVES, District Judge.** In January 2013, Chrysler Group, LLC ("New Chrysler")[1] issued a recall notice relating to a defect in certain vehicles' airbag systems. The defect caused an "electrical overstress condition" where the airbag warning light would illuminate, followed almost immediately by an inadvertent airbag deployment. In the recall notice, New Chrysler promised to make every effort to repair the defect, for free, as quickly as possible.

The plaintiffs own a 2003 Jeep Grand Cherokee, which is one of the vehicles potentially affected by the defect. In the summer of 2013, the plaintiffs' airbag warning light illuminated,

---

* The Honorable Pamela L. Reeves, United States District Judge for the Eastern District of Tennessee, sitting by designation.

[1] New Chrysler was incorporated on April 28, 2009 in relation to the bankruptcy of the now defunct Chrysler, LLC ("Old Chrysler"). New Chrysler was created to purchase certain assets of Old Chrysler, and New Chrysler assumed some, but not all, of Old Chrysler's liabilities.

though they never experienced an inadvertent airbag deployment. Nevertheless, the plaintiffs filed this class action asserting claims for damages against New Chrysler and TRW, who manufactured the defective component. The plaintiffs also seek declaratory and injunctive relief, including an order declaring that there is a safety defect in the airbag systems of the class vehicles that New Chrysler must make every effort to repair as quickly as possible at no cost to the owner.

New Chrysler and TRW moved to dismiss the plaintiffs' complaint for lack of standing. The district court held that the record contained no evidence that the plaintiffs suffered an actual injury that could be redressed by a favorable judgment. Additionally, because New Chrysler had already acknowledged the defect in the airbag systems, promised to repair the defect for free as quickly as possible, and did in fact repair the plaintiffs' vehicle, the district court concluded that the plaintiffs' claims for injunctive and declaratory relief were moot. Accordingly, the district court dismissed the plaintiffs' complaint for lack of standing and mootness. This appeal followed. For the reasons stated below, we AFFIRM the district court's ruling.

i.

In response to an October 2011 National Highway Traffic Safety Administration (the "NHTSA") investigation into complaints of inadvertent airbag deployments, New Chrysler initiated a recall of the affected vehicles, including 2002-2004 Jeep Grand Cherokees. In January 2013, New Chrysler sent out a recall notice explaining that the airbag occupant restraint control module (the "ORC Module") installed in certain vehicles had a small chance of experiencing an "electrical overstress condition" that could damage one of the ORC Module's computer chips. A damaged computer chip could cause the airbag light to illuminate, followed almost immediately by an inadvertent airbag deployment. In the recall notice, New Chrysler

promised to repair the vehicle, free of charge, as soon as it was able to obtain the necessary parts. The parts were not available at the time, but New Chrysler stated that it was "making every effort to obtain these parts as quickly as possible."

The plaintiffs, who own a 2003 Jeep Grand Cherokee, received a copy of the recall notice around January 2013. Later that summer, the plaintiffs' airbag light illuminated. They understood the illuminated light to be a precursor to an inadvertent airbag deployment, but their airbag never actually deployed. When they contacted a New Chrysler dealership regarding the issue, the dealership informed them that it would not be able to repair the ORC Module defect at that time because it had not yet received the replacement parts from New Chrysler. A few weeks later, on August 6, 2013, the plaintiffs took their vehicle to a dealership and "paid out-of-pocket for the dealership to diagnose the problem." The plaintiffs' amended complaint does not reveal what the diagnosis was or if their airbag warning light illumination was actually related in any way to the ORC Module defect.

The plaintiffs filed suit shortly thereafter, seeking: (1) damages from New Chrysler for breach of contract and breach of the covenant of good faith and fair dealing; (2) a declaratory judgment declaring that their vehicle has a safety defect in the airbag system that New Chrysler must repair "as quickly as possible" and free of charge; (3) an injunction requiring New Chrysler to repair the defect for free "as quickly as possible" and to provide substitute vehicles until the repairs are made; and (4) damages from TRW (the alleged manufacturer of the ORC Module)[2]

---

[2] Defendant, TRW Automotive Holdings Group, notes that it did not produce the parts at issue in this action. Instead, the parts were produced by TRW Automotive U.S. LLC. TRW states that it notified the District Court of this issue and would have requested dismissal or substitution had this case continued; however, the District Court's dismissal based on standing rendered such actions moot.

under Louisiana's "redhibition" laws.[3]  All the plaintiffs' claims against New Chrysler are based on the alleged delay in repairing the vehicle—not the actual existence of the defect.[4]

After the plaintiffs filed their lawsuit, New Chrysler sent notices to the owners of the vehicles in question informing them that New Chrysler had obtained the necessary parts to make the repairs.  New Chrysler instructed the plaintiffs to contact their dealers immediately to schedule a free repair.  The plaintiffs received the notice, promptly scheduled a repair, and, during the hearing on the defendants' motions to dismiss, the plaintiffs' counsel indicated that he believed repairs on the plaintiffs' vehicle were underway that very day.

In an opinion entered on March 13, 2014, the district court dismissed the plaintiffs' complaint for lack of subject-matter jurisdiction because the plaintiffs did not allege any actual injury causally related to the defendants' alleged misconduct.

ii.

Prior to addressing the merits of the plaintiffs' appeal, we must first consider two motions by the plaintiffs to supplement the record.  The plaintiffs ask us to take judicial notice of a pair of reports published by the NHTSA after the district court dismissed their case.  According to the plaintiffs, these reports support their position in opposition to the defendants' mootness arguments.

Federal Rule of Appellate Procedure 10(e) allows for correction of the record, and is meant "to allow the court to correct omissions from or misstatements in the record for appeal,

---

[3] Under Louisiana law, "'[r]edhibition' is the remedy when the defect in the thing sold renders it absolutely useless or its use is so inconvenient and imperfect that it must be supposed that the buyer would not have purchased the thing had he known of the vice."  *PPG Indus., Inc. v. Indust. Laminates Corp.*, 664 F.2d 1332, 1335-36 (5th Cir. 1982) (collecting cases).

[4] New Chrysler did not actually manufacture the vehicles at issue, Old Chrysler did.  Accordingly, the plaintiffs do not allege liability based on defective manufacture of their vehicle.  Instead, the plaintiffs' complaint is focused on New Chrysler allegedly breaching its promise in the recall notice to fix the defect "as quickly as possible."

not to introduce new evidence in the court of appeals." *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1012 (6th Cir. 2003) (internal punctuation omitted) (quoting *S & E Shipping Corp. v. Chesapeake & O. Ry. Co.*, 678 F.2d 636, 641 (6th Cir. 1982)). Generally, appellate courts should consider the record and facts that were before the district court. *Id.* In this case, the plaintiffs seek to introduce new evidence that was never considered by the district court, which is not permitted by Rule 10(e). *Id.* Accordingly, the plaintiffs' motions to supplement the record are denied.

iii.

We generally review a district court's dismissal for lack of subject-matter jurisdiction *de novo*. *Howard v. Whitbeck*, 382 F.3d 633, 636 (6th Cir. 2004). However, "[w]here the district court does not merely analyze the complaint on its face, but instead inquires into the factual predicates for jurisdiction, the decision on the Rule 12(b)(1) motion resolves a 'factual' challenge rather than a 'facial' challenge, and we review the district court's factual findings for clear error." *Id.* (citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1133–35 (6th Cir. 1996)); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). A factual finding is clearly erroneous when, "although there is evidence to support that finding, 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Russell*, 595 F.3d 633, 646 (6th Cir. 2010) (quoting *United States v. Ware*, 282 F.3d 902, 907 (6th Cir. 2002)). The record here includes the complaint, numerous exhibits filed during motion practice, and the hearing of February 13, 2014.

iv.

A. <u>The plaintiffs do not allege an injury traceable to the misconduct alleged.</u>

The plaintiffs have the burden of establishing standing, which requires demonstrating three elements:

> First, the plaintiff must have suffered an 'injury in fact' – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not conjectural' or 'hypothetical.'  Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.  Third, it must be 'likely' as opposed to merely 'speculative,' that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations and punctuation omitted).  These plaintiffs have not alleged any concrete injury traceable to the defendants' misconduct.  The amended complaint states that the plaintiffs suffered injuries in the form of the diminished value and loss of enjoyment of their vehicle, the cost of having their airbag system diagnosed or repaired, and the expense incurred from having to obtain alternative means of transportation.  On appeal, the plaintiffs appear to have abandoned their cost of obtaining alternative means of transportation argument.  They now maintain that their standing is established by the out-of-pocket expenses paid to diagnose the airbag warning light, the diminished value of their vehicle, and the lost use and enjoyment of the vehicle.

The plaintiffs' assertion that they suffered an injury by having to pay out of pocket for a dealership to "diagnose the problem" is not supported by facts or even the plaintiffs' own allegations.  The plaintiffs never indicate what the result of the "diagnosis" was.  While they invite the inference, the plaintiffs do not actually allege that the airbag light in their vehicle illuminated because of the defect in the ORC Module.  The district court did not clearly err when it held that the plaintiffs did not establish a causal connection between the cost of diagnosing an

6

unspecified airbag warning light problem and New Chrysler's delay in repairing the ORC Module.[5]

Next, the plaintiffs argue that they were injured by the diminished value of their vehicle. This argument is also unavailing. As mentioned previously, New Chrysler did not manufacture the plaintiffs' vehicle. The plaintiffs' claims against New Chrysler are not based on the existence of the defective ORC Module, instead they are based on New Chrysler's delay in implementing the promised repair. The plaintiffs did not plead any facts in support of the allegation that they suffered a diminished-value injury. Instead, the plaintiffs simply concluded that "when there's a major safety defect, diminished value is commonsense." *See Cole v. General Motors Corp.*, 484 F.3d 717, 722-23 (5th Cir. 2007); *In re Toyota Motor Corp.*, 790 F. Supp. 2d 1152, 1163 (C.D. Cal. 2011) ("[T]he economic losses resulting from the defect are readily established: defective cars are simply not worth as much."). *Cole*, however, is distinguishable from the plaintiffs' case against New Chrysler because the plaintiffs in *Cole* were suing the manufacturer of their vehicles based on allegations that the vehicles were defective *from the moment of purchase*. *Cole*, 484 F.3d at 722. In this case, New Chrysler did not manufacture the plaintiffs' vehicle. Old Chrysler did. The plaintiffs have not shown how they suffered diminished-value injuries based solely on New Chrysler's delay in repairing the ORC Module.

The plaintiffs allege a diminished-value claim against TRW under the Louisiana Civil Code based on the existence of the defective component from the moment of purchase.

---

[5] The plaintiffs also assert that other customers were charged for "similar work;" however, the plaintiffs cannot establish standing by relying on the injury of another. *See, e.g., Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 40 n.20 (1976) ("That a suit may be a class action, however, adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that an injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.").

Nevertheless, the repair of the ORC Module that the plaintiffs received removed the defect upon which the plaintiffs' diminished-value injury claim is based. *See Cheng v. BMW of North America*, No. CV 12-09262 GAF (SHx), 2013 WL 3940815, at *4 (C.D. Cal. July 26, 2013) ("As a practical matter, it is unclear how Plaintiff can demonstrate injury in light of BMW's offer to completely repair the . . . defect."). The district court's conclusion that the plaintiffs presented no evidence of diminished value in light of the repair is not clearly erroneous.

Finally, the plaintiffs argue that their lost use or enjoyment of the vehicle establishes an injury. According to them, the "[p]laintiffs' lost use and enjoyment is . . . evidenced by their frequent communications with New Chrysler . . . and the time spent at the dealership." The plaintiffs' time spent communicating with New Chrysler is not evidence of lost use of the vehicle. At no point other than the half-day the dealer spent "diagnosing" their airbag light do the plaintiffs allege they were unable to use their vehicle. During the hearing on the defendants' motions to dismiss, counsel for the plaintiffs told the district court: "we don't allege in the complaint that on day 'X' in 2013 the plaintiffs decided not to go anywhere because they didn't want to drive their vehicle. And that's true, we didn't allege that."

The plaintiffs have failed to establish a concrete injury that can be redressed by a judgment in their favor. They do not allege that they ever stopped using their vehicle; they do not allege any facts in support of their diminished value claim; and they do not even allege that they incurred any expenses as a result of New Chrysler's delay in repairing the ORC Module. Without a concrete and particularized injury causally related to the defendants' alleged wrongdoing, the plaintiffs cannot sustain a claim for damages.

B. <u>The plaintiffs' claims for injunctive and declaratory relief are moot.</u>

Because New Chrysler has already acknowledged the defect in the ORC Module and repaired the plaintiffs' vehicle, their claims for a declaratory judgment and injunctive relief are moot. Count IV of the plaintiffs' complaint seeks a declaratory judgment, declaring that the class vehicles have a safety defect in their airbag systems; that New Chrysler is obligated to make every effort to repair the defect as quickly as possible, free of charge; and that New Chrysler is obligated to pay class members an amount equal to all diagnostic, repair, or replacement costs relating to their ORC Modules and airbag or occupant restraint systems incurred since January 1, 2013. Count V seeks an injunction ordering New Chrysler to make every effort to repair the defect for free and as quickly as possible. Additionally, Count V asks the district court to order New Chrysler to provide substitute vehicles to class members until the defect is remedied or repaired.

If circumstances change after a plaintiff files a complaint to deprive the plaintiff of a "personal stake in the outcome of the lawsuit," the action must be dismissed as moot. *Genesis Healthcare v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (internal quotation marks omitted). "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *McPherson v. Michigan High School Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (internal quotation marks omitted).

The district court did not err in finding that the relief sought by the plaintiffs, if granted, would not make a difference to the legal interests of the parties. There was never a dispute between the parties as to whether a safety defect exists in the vehicles or whether New Chrysler would repair that defect. The plaintiffs' complaint admits as much—it alleges that New Chrysler acknowledged the safety defect in the recall notice and promised to repair it, for free, "as quickly

as possible." New Chrysler also promised, and is statutorily obligated, to reimburse people who paid to have their vehicles repaired due to the ORC Module defect. *See* 49 U.S.C. § 30120(d) ("A manufacturer's remedy program shall include a plan for reimbursing an owner or purchaser who incurred the cost of the remedy within a reasonable time in advance of the manufacturer's notification."). The district court explained in its opinion dismissing the plaintiffs' complaint:

> [A]s of the date of the motion hearing, New Chrysler had notified owners of Jeep Liberty *and* Jeep Grand Cherokee Class Vehicles that New Chrysler was ready to make the necessary repairs and instructed the owners to contact their dealers "right away to schedule a service appointment." . . . As a result, there is nothing left for this Court to order New Chrysler to do with respect to Plaintiffs.

Nevertheless, the plaintiffs maintain that, because the effectiveness of the repair is unknown, their claims are not moot.

To establish standing, the plaintiffs must allege they suffered an actual or imminent injury, not a conjectural or hypothetical one. *Lujan v. Defenders of Wildlife*, 504 U.S. at 560-61. The plaintiffs' assertion that the ORC Module repair may not be effective does not evidence an actual or imminent injury. On the record before us, it instead evidences a hypothetical possibility that the plaintiffs' vehicle was not adequately repaired. Accordingly, the district court did not clearly err when it found the plaintiffs' declaratory and injunctive claims moot.

v.

For the foregoing reasons, we AFFIRM the district court's dismissal of the plaintiffs' amended complaint.