# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 16, 2020

Lyle W. Cayce
Clerk

No. 19-30761

Ronald Leo; Kathleen Leo,

*Plaintiffs—Appellees Cross-Appellants*,

*versus*

Jeld-Wen, Incorporated,

*Defendant—Appellant Cross-Appellee*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:16-CV-605

Before Barksdale, Elrod, and Ho, *Circuit Judges*.

Per Curiam:[*]

The primary issue in this diversity action is whether, under Louisiana law, a breach-of-warranty claim must instead be pursued as one for redhibition. Also at issue are whether: sufficient evidence supports the jury's finding plaintiffs' redhibition claim had prescribed; the damages award wrongly excluded the purchase price or wrongly included damages in excess

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-30761

of that price; and the court erred by not awarding attorney's fees. AFFIRMED.

I.

In 2007, Ronald and Kathleen Leo purchased 50 windows manufactured by Jeld-Wen, Inc., for installation in their new home as it was being constructed. In conjunction with the purchase, Jeld-Wen provided a 20-year written warranty (the express warranty). Shortly after the Leos moved into their newly-constructed home in December 2008, they experienced water intrusion. Over the next few years, the Leos worked with various leak-detection companies and contractors to remediate the water-intrusion issues. The Leos allege they did not identify the windows as the source of the water intrusion, or discover a defect in the windows, until September 2015.

They filed this action against Jeld-Wen on 30 August 2016, presenting two claims: redhibition under Louisiana Civil Code art. 2520; and breach of warranty. At the five-day trial ending on 5 November 2018, the jury made the following findings, among others, in its jury-verdict form: "the windows . . . contain[ed] a redhibitory defect, which caused property damage to the windows and or interior of the [Leos'] home"; the Leos "knew or should have known that the redhibitory defect existed before August 29, 2015"; and "Jeld-Wen breached the terms of the warranty it issued to [the Leos], which caused damages to [them]". Therefore, because, *inter alia*, a one-year statute of limitations applies to redhibition claims against the manufacturer of the defective thing, that claim was prescribed. La. Civ. Code arts. 2534(B), 2545. For damages sustained as a result of Jeld-Wen's breach of warranty, the jury found $335,000 would "compensate [the Leos] for damages".

Post-verdict, each side moved for judgment as a matter of law (JMOL). The court deferred ruling on the motions and entered a final

2

judgment for the Leos for $335,000.  Each side filed renewed JMOL motions, or alternatively, motions for new trial.  In addition, the Leos filed a motion to alter or amend judgment; Jeld-Wen, for remittitur.  Each motion was denied.

## II.

Because this diversity action in Louisiana arises under its law, it controls.  *See, e.g.*, *Weatherly v. Pershing, L.L.C.*, 945 F.3d 915, 920 (5th Cir. 2019); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  For the first of the issues at hand, both sides challenge the denial of their renewed motion for JMOL, or alternatively, new trial.  In addition:  the Leos challenge the denial of their motion to alter or amend judgment; and Jeld-Wen challenges the denial of its motion for remittitur.  Each challenge fails.

## A.

In challenging the denial of the renewed JMOL, and alternatively new-trial, motions, the Leos contend that the court erred by upholding the jury's finding that caused the redhibition claim to be time-barred; Jeld-Wen, that the court erred by upholding the jury's finding that Jeld-Wen breached the express warranty.  A ruling on a renewed JMOL motion is reviewed *de novo*, "applying the same standards as the district court".  *Mays v. Chevron Pipe Line Co.*, 968 F.3d 442, 446–47 (5th Cir. 2020) (citations omitted). JMOL is proper when "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue".  Fed. R. Civ. P. 50(a)(1).  The denial of a new-trial motion is reviewed "using the more deferential abuse of discretion standard".  *Olibas v. Barclay*, 838 F.3d 442, 448 (5th Cir. 2016).

## 1.

First considered is whether sufficient evidence supports the jury's finding that caused the Leos' redhibitory-defect claim to be prescribed.  A

redhibitory defect is a defect that "renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect". La. Civ. Code art. 2520. As noted, a redhibitory-defect claim against the manufacturer of the defective thing prescribes "one year from the day the defect was discovered by the buyer". La. Civ. Code art. 2534(B). In that regard, prescription for a redhibition claim does not begin to run until the buyer has "a reasonable basis to pursue a claim against a specific defendant". *Jordan v. Emp. Transfer Corp.*, 509 So. 2d 420, 424 (La. 1987).

The jury found: the windows contained a redhibitory defect; but the Leos knew, or should have known, that the defect existed more than one year before they filed their redhibition claim. There was legally sufficient evidence, including the following, to support this latter finding.

In 2012, the Leos had a leak-detection company investigate the source of the water intrusion in their home. Its report stated, *inter alia*: "Recommend inspection and recaulk of windows as needed". In a November 2012 email to the general contractor for her home, Kathleen Leo stated: two leak-detection companies had been to the home to check for the source of the leak; and, although "no one is sure where the leak is[,] . . . [o]ne guy thought is [sic] was the seal around the windows". In a customer-service request to Jeld-Wen in March 2013, Kathleen Leo stated: "We believe some of the water leak issues to be a defect in the window itself". In July 2015, Kathleen Leo rented a thermal-imaging camera; and, although she testified that she could not interpret the pictures, she gave them to a testifying expert for the Leos to do so.

This information gave the Leos "sufficient notice as to call for inquiry about a claim", triggering the prescriptive period. *David v. Meek*, 710 So. 2d 1160, 1163 (La. Ct. App. 1998). The evidence presented at trial provided a

legally sufficient basis for a reasonable jury to find as the jury did, *see* Fed. R. Civ. P. 50(a)(1); and the legal conclusions arising from that finding can be supported in law, *see Johnson v. Thibodaux City*, 887 F.3d 726, 731 (5th Cir. 2018).

2.

Next considered is whether Jeld-Wen is entitled to JMOL against the Leos' breach-of-warranty claim as being a redhibition claim that had also prescribed, or to a new trial. In other words, Jeld-Wen asserts that all breach-of-warranty claims must be pursued in redhibition and are therefore subject to the one-year prescriptive period. The Leos counter that a claim for breach of contractual obligations contained in an express warranty may be asserted as a breach-of-contract claim, rather than one in redhibition.

In contrast to the one-year prescriptive period for a redhibition claim against a manufacturer, La. Civ. Code arts. 2534(B), 2545, a breach-of-contract claim has a prescriptive period of ten years, *see* La. Civ. Code art. 3499; *e.g.*, *Bottinelli Real Estate, L.L.C. v. Johns Manville, Inc.*, 288 So. 3d 179, 185 (La. Ct. App. 2019). The Louisiana Supreme Court "has consistently held that the prescriptive period applicable to an action is determined by the character of the action disclosed in the pleadings". *Born v. City of Slidell*, 180 So. 3d 1227, 1232 (La. 2015) (citations omitted).

It is "fundamental Louisiana law" that actions based on breach of warranty against *defects* are to be pursued in redhibition instead of as a breach of contract. *PPG Indus., Inc. v. Indus. Laminates Corp.*, 664 F.2d 1332, 1335 (5th Cir. 1982); *see also Bottinelli*, 288 So. 3d at 185. "[T]he presence of an express warranty does not convert an action for redhibition into an action for breach of contract, nor does it alter the one-year prescription for redhibitory suits". *PPG Indus.*, 664 F.2d at 1335. But, if plaintiff is not seeking to recover for a redhibitory *defect*, the one-year prescriptive period for redhibition claims

does not apply.  *See id.*  A claim for breach of contractual obligations contained in an express warranty, therefore, may be asserted as a breach-of-contract claim, rather than one in redhibition.  *See id.*; *see also C-Innovation, LLC v. Norddeutsche Seekabelewerke GMBH*,  No. 10-4441, 2013 WL 990026, at *5 (E.D. La. Mar. 13, 2013) (holding redhibition is not "the sole vehicle[ ] for a suit against a manufacturer for damages arising from a defective product" and plaintiffs may bring "contract-based claims such as breach of warranty").

In *Delta Refrigeration Co. v. Upjohn Co.*, plaintiff purchased a polyurethane spray foam, which defendant seller represented was self-extinguishing and safe.  432 F. Supp. 124, 125–26 (W.D. La. 1977), *aff'd*, 575 F.2d 879 (5th Cir. 1978).  The district court held:  because plaintiff sought damages for a "breach of the express warranties", not for a redhibitory defect, the claim was not prescribed by the one-year period for redhibition claims.  *Id.* at 127.  In *PPG Industries*, this court explained that the breach-of-warranty claim in *Delta* was not prescribed as a redhibitory claim because plaintiffs did not seek to recover for a hidden redhibitory defect.  *PPG Indus.*, 664 F.2d at 1335 (citing *Delta*, 432 F. Supp. at 127).

The issue at hand is different from that in *Delta* because the Leos alleged, and the jury found, that the windows contained a redhibitory defect.  The Leos' breach-of-warranty claim, nonetheless, was separate from their redhibition claim and was based in contract:  the express warranty.  (In *Gaspard v. Camping World RV Sales, L.L.C.*, No. 20-125, 2020 WL 5943509, at *3 (La. Ct. App. Sept. 30, 2020), the court held that, because plaintiff failed to produce a contract or specify the terms of any agreement with the summary-judgment evidence, the breach-of-warranty claim was based in redhibition, and the one-year prescriptive period applied.)  The Leos assert Jeld-Wen breached the express warranty when:  the windows prematurely deteriorated; and, it failed to inspect, repair, provide parts, or return the

purchase price.   In addition to warranting against defects for 20 years, including "wood cellular level breakdown . . . caused by decay", the warranty provides:   "We will investigate your claim and . . . take appropriate action within 30 days after notification. . . . If we are unable to provide replacement parts and repair is not practicable or cannot be made timely, then we will refund the purchase price".

The first ground for the Leos' breach-of-warranty claim is a breach of the express warranty against defects; the second, a breach of contract for failure to perform the obligations under the express warranty. The first sounds in redhibition; the second, in contract, not redhibition, because it seeks to recover for Jeld-Wen's failure to perform its obligation under the express warranty to investigate, repair, and replace the windows or refund the purchase price.   The Leos' breach-of-warranty claim did not seek only "to avoid the sale . . . due to a hidden defect".  *PPG Indus.*, 664 F.2d at 1336 (explaining that, in *Weathermaster Parts & Serv., Inc. v. McCay*, 242 So. 2d 306 (La. Ct.  App. 1970), the court did not apply the one-year prescriptive period to buyer's claim against a manufacturer when buyer "did not seek to avoid the sale . . . due to a hidden defect, but was concerned solely with a collateral matter, namely the cost of installation").   Rather, the Leos sought damages associated with the cost to protect the windows, to remove and replace the windows, and for mold remediation.   The damages were caused by Jeld-Wen's failure to perform its obligations, not by the redhibitory defects *in the product itself*.

There was a "legally sufficient evidentiary basis [for a reasonable jury] to find" that Jeld-Wen breached the express warranty when it:  failed to investigate the water intrusion issues related to the windows; did not provide a repairman when requested; and, even after it determined the windows could not be repaired, refused to replace them or refund the purchase price. Fed. R. Civ. P. 50(a)(1).

No. 19-30761

## B.

Each side challenges an aspect of the judgment: Jeld-Wen, as it did in its motion for remittitur, that any damages in excess of the purchase price were contractually barred; the Leos, as they did in their motion to alter or amend judgment, that the purchase price was not, but should have been, included in the damages award and that they are entitled to attorney's fees.

A district court's decisions on remittitur and a motion to alter or amend judgment are reviewed for abuse of discretion. *Longoria v. Hunter Express Ltd.*, 932 F.3d 360, 364 (5th Cir. 2019) (internal citation omitted); *Potts v. Chesapeake Expl., L.L.C.*, 760 F.3d 470, 473 (5th Cir. 2014).

## 1.

Regarding Jeld-Wen's remittitur motion, if an award exceeds the bounds of any reasonable recovery, our court must suggest a remittitur or direct the district court to do so. *Caldarera v. E. Airlines, Inc.*, 705 F.2d 778, 784 (5th Cir. 1983). Jeld-Wen asserts the award exceeds the bounds of permissible recovery, claiming any damages in excess of the purchase price are barred by the terms of the express warranty.

The express warranty contains a section in bold font, surrounded by a bordered text box, which provides: "We shall *not* be liable for special, indirect, consequential, or incidental damages". (Emphasis added.) The warranty does not include any language excluding direct damages. Also in the bordered text box, the warranty states: "Your sole and exclusive remedy with respect to any and all losses or damages resulting from any cause whatsoever shall be as specified above". Jeld-Wen asserts the sole and exclusive remedy is a "refund [of] the purchase price", but the district court disagreed and concluded that the express warranty did not exclude direct damages. Finding the jury's award based in direct damages, the court upheld it and denied Jeld-Wen's remittitur motion.

No. 19-30761

"[W]hether a contract is clear or ambiguous is a question of law", *Sims v. Mulhearn Funeral Home, Inc.*, 956 So. 2d 583, 590 (La. 2007), resulting in *de novo* review, *McLane Foodservice, Inc. v. Table Rock Restaurants, L.L.C.*, 736 F.3d 375, 377 (5th Cir. 2013). "Interpretation of a contract is the determination of the common intent of the parties." La. Civ. Code art. 2045. "The reasonable intention of the parties to a contract is to be sought by examining the words of the contract itself, and not assumed." *Prejean v. Guillory*, 38 So. 3d 274, 279 (La. 2010).

The words of the warranty state, in bold text, that Jeld-Wen shall *not* be liable for special, indirect, consequential, or incidental damages. But there are no words in the express warranty excluding direct damages, and we will not assume the parties intended to do so. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code art. 2046. The words of the warranty are "clear and explicit" and, accordingly, unambiguous. Direct damages are, therefore, recoverable under the terms of the express warranty and the jury's award did not "exceed[ ] the bounds of any reasonable recovery". *Caldarera*, 705 F.2d at 784.

2.

As for the Leos' motion to alter or amend judgment, they assert they are entitled to the return of the purchase price pursuant to the terms of the express warranty. But, as they conceded at oral argument here, they cannot prove the purchase price of $37,675.19 was not included in the jury's award of $335,000.

3.

Last, we address the Leos' assertion that they are entitled to attorney's fees. Attorney's fees are recoverable under the redhibition statute. La. Civ. Code art. 2545. But, the Leos concede: if we hold, *as we do*,

9

No. 19-30761

that the redhibition claim had prescribed, they are not entitled to attorney's fees.

### III.

For the foregoing reasons, the judgment is AFFIRMED.