YELVERTON, Judge.
This is an appeal from a judgment maintaining exceptions of prescription in claims based on unfair trade practices and tortious interference with plaintiff’s business. The plaintiffs in the present suit are Cajun Restaurant & Bar, Inc. d/b/a Poet’s (Cajun) and Thomas E. D’Antoni, and the defendant is Maurin-Ogden-1978-Pinhook Plaza, a Louisiana Partnership in Commendam (Maurin-Ogden). Plaintiffs appeal. We affirm.
The underlying facts that give rise to this suit are as follows. On September 1, 1981, Cajun leased from Maurin-Ogden commercial space to operate a restaurant and lounge named Poet’s. On February 1, 1986, Cajun and D’Antoni allowed the liability insurance at Poet’s to lapse. They failed to pay monthly rent in May and June, 1986. On June 7, 1986, they closed Poet’s for business. Despite numerous notices, Cajun and D’Antoni failed to cure these defaults. On August 13, 1986, Mau-rin-Ogden filed suit against the lessees for breach of the lease agreement, seeking past due rent, interest and attorney’s fees.
A month later, in September, D’Antoni advised Maurin-Ogden that .a third party was interested in taking the assignment of the lease and buying the furniture, equipment and other movables owned by Cajun on the leased premises. This idea was considered. It is disputed whether Maurin-Ogden ever agreed to the assignment, its approval being required by the lease. No assignment took place. Maurin-Ogden obtained a judgment of eviction on September 29, 1986. In its suit for breach of the lease, judgment was rendered in favor of Maurin-Ogden on December 15, 1986, for past due rental, interest and attorney’s fees.
Maurin-Ogden proceeded toward execution of that judgment. On February 10, 1987, the sheriff seized Cajun’s movables *538 on the leased premises under a writ of fieri facias. At the first sale date no bids were received. At the rescheduled sale on July 8, 1987, Maurin-Ogden bought the property for $12,961.67.
On July 5, 1988, plaintiffs, Cajun and D’Antoni, filed the present suit for damages against Maurin-Ogden. They alleged liability on the grounds, among others, that Maurin-Ogden’s conduct was an unfair trade practice and that it was a tortious interference with their business. Maurin-Ogden filed exceptions of prescription which the trial court granted for all claims arising under the Louisiana Unfair Trade Practices Law and any allegations of tor-tious conduct.
In finding that prescription had run, the trial court made the following observations:
Plaintiff argues that the culminating act in the series of transactions which constitute unfair trade practices was a Sheriff’s sale in July of 1987. Our ruling focuses on what transpired at that sale.
Defendant, lessor of CAJUN RESTAURANT & BAR, INC. provoked the sale to satisfy the obligation of its delinquent tenant, CAJUN. Plaintiff had sought to contract an assignment of the lease, bringing in a third party assignee. This alleged contract, plaintiff argues, was interfered with by defendant’s refusal to accept the proposed assignee. Defendant then executed against the plaintiff, and purchased the assets of the business at the Sheriff’s sale. It is this purchase, at a properly noticed and otherwise valid Sheriff’s sale, which plaintiff offers as the culminating act under La.R.S. 51:1401 et seq. The idea behind this argument is that defendant breached a contract to accept the assignment, causing its tenant to fail and thus permitting defendant to pick up the plaintiff’s equipment at the forced sale.
In holding that both claims have prescribed, this Court is essentially finding as a matter of fact that the Sheriff’s sale was not part of any unfair trade practice and was not tortious. Plaintiff seeks to ground both causes of action in the fact that defendant bid on CAJUN RESTAURANT’S equipment and bought it. This bidding can be neither tortious nor an unfair trade practice because it was entirely permitted by our law. If the sale was not properly conducted, plaintiff had other means to attack it. This entirely proper use of legal process is not part of any unfair trade practice or tort, and hence, both actions have prescribed.
We agree with the trial court. The Louisiana Unfair Trade Practices Law, La.R.S. 51:1409(A), provides for private actions for alleged unfair trade practices:
§ 1409. Private actions
A. Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages....
La.R.S. 51:1409(E) sets forth the prescription period:
E. The action provided by this section shall be prescribed by one year running from the time of the transaction or act which gave rise to this right of action.
La.R.S. 51:1409 is penal in nature and is subject to reasonably strict construction. Coffey v. Peoples Mortg. & Loan of Shreveport, Inc., 408 So.2d 1153 (La.App. 2d Cir.1981). At the hearing on the exception of prescription, the trial judge found that the judicial sale was not an abuse of process nor was it part of the act (the rejection of the assignment) constituting the alleged unfair trade practice. Although Maurin-Ogden was the judgment creditor and the property purchased at the sheriff’s sale was that of the judgment debtor seized under a writ of fieri facias, Maurin-Ogden was simply the successful bidder at a legally and properly conducted judicial sale. Maurin-Ogden had a money judgment against Cajun and D’Antoni, which had become executory, and was entitled to execute it by a writ of fieri facias. La.C.C.P. art. 2291. La.C.C.P. art. 2339 specifically authorizes the seizing creditor to bid on the property at a judicial sale *539 under fieri facias. The sheriff’s sale was not part of an unfair trade practice. Prescription of the unfair trade practice began to run in September 1986, and when suit was filed, nearly two years later, that claim was prescribed.
We also agree with the trial court that this was not a continuous tort to maintain the tort claim of the plaintiffs under La.C.C. art. 3537. The alleged cause of injury was a single act, failure to accept the assignee of the Poet’s lease, not a continuous one giving rise to successive damages. South Central Bell Telephone v. Texaco, Inc., 418 So.2d 531 (La.1982).
We affirm at appellant’s costs.
AFFIRMED.