Raymond B. Landry, John Fitzgerald Lee, MOLLERE FLANAGAN & LANDRY, L.L.C., 2341 Metairie Road, Metairie, LA 70001, COUNSEL FOR PLAINTIFF/APPELLEE
Cearley W. Fontenot, OATS & MARINO, 100 East Vermilion Street, Suite 400, Lafayette, LA 70501, COUNSEL FOR DEFENDANTS/APPELLANTS
(Court composed of Judge Terri F. Love, Judge Sandra Cabrina Jenkins, Judge Dale N. Atkins )
Judge Terri F. Love *1281 Appellant seeks review of the trial court's grant of an exception of prescription dismissing the claims asserted in appellant's reconventional demand. We find appellants' claims in reconvention are delictual in nature and the demand was not filed within the one-year prescriptive period. For this reason, we find no error in the trial court's granting of the exception of prescription dismissing appellant's reconventional demand. Additionally, the ruling on the exception of prescription is not designated a final and appealable judgment and claims raised in the original petition remain. We, therefore, convert the appeal to a writ and affirm the trial court's ruling on the exception of prescription.
PROCEDURAL HISTORY AND BACKGROUND
Lessor/Appellee 2802 Magazine Street, L.L.C. ("2802 Magazine" or "Lessor") entered into a commercial lease with Lessee/Appellant Eggspressions of North America, L.L.C. d/b/a Brick and Spoon ("Eggspressions"). The lease became effective in February 2014, the object of which is the property at 2802 Magazine Street in New Orleans. Blane Guillory ("Mr. Guillory") personally guaranteed all of Eggspressions' obligations under the lease. Eggspressions thereafter entered into a sublease with Nola Brunch Concepts, L.L.C., which began operating a restaurant known as "Brick and Spoon" in late February 2016.
Subsequent to opening, Eggspressions was late in paying rent for months July, August, September, and October 2016, and according to the petition, only made payment after 2802 Magazine gave formal notice and collection efforts were made. Lessor 2802 Magazine also alleged that Eggspressions refused to pay an electrician who performed services on the premises that resulted in the electrician filing a lien against 2802 Magazine's property. Based on the foregoing alleged actions, 2802 Magazine filed a petition claiming Eggspressions defaulted under the terms of the commercial lease and sought damages. Thereafter, in December 2016, a judgment of eviction was granted in 2802 Magazine's favor.[1]
Additionally, almost two years after 2802 Magazine filed its petition against Eggspressions for breach of the commercial lease, Eggspressions filed a reconventional demand in June 2018. Eggspressions asserted seven causes of action including claims of breach of contract, unfair trade practices, fraud, and bad faith. In response, 2802 Magazine filed a declinatory exception of insufficiency of service of process and peremptory exceptions of prescription and res judicata, which argued, in pertinent part, that Eggspressions' claims had prescribed. Eggspressions filed an opposition, alleging that their reconventional claims for fraud and violations of the Louisiana Unfair Trade Practices Act ("LUTPA") are continuing torts. Additionally, Eggspressions asserts that the recent *1282 amendment to La. R.S. 51:1409 supports a finding that their LUTPA claims have not prescribed.
The trial court granted 2802 Magazine's exception finding Eggspressions' claims for fraud and violations of LUTPA were not continuing torts, and therefore those claims had prescribed. With respect to Eggspressions' breach of contract claims, the trial court reasoned that those claims were not breach of contract claims. The trial court further reasoned that pursuant to La. C.C.P. art. 1041, the reconventional demand was not timely filed. Eggspressions seeks review of the trial court's grant of 2802 Magazine's exception of prescription dismissing the claims asserted in Eggspressions' reconventional demand.
JURISDICTION
At the outset, we address a procedural issue as to this Court's jurisdiction. While the trial court's judgment granted the exception of prescription and dismissed the reconventional demand, the claims raised in the underlying original petition remain. The judgment sustaining the exception of prescription is a partial final judgment, which the trial court must designate as final to be subject to appeal. La. C.C.P. art. 1915(B). The judgment in this case lacks the necessary designation. However, Eggspressions filed their motion for appeal within 30 days of the judgment. Thus, the time for filing an application for supervisory writ had not prescribed. Therefore, we invoke our supervisory jurisdiction and convert the appeal to a writ. Bd of Sup'rs of LSU v. Mid City Holdings , 14-0506, p. 3-4 (La. App. 4 Cir. 10/15/14), 151 So.3d 908, 911.
STANDARD OF REVIEW
An appellate court reviews exceptions of prescription de novo because it involves questions of law. Scott v. Zaheri , 14-0726, p. 8 (La. App. 4 Cir. 12/3/14), 157 So.3d 779, 785. "When evidence is introduced and evaluated at the trial of a peremptory exception, we must review the entire record to determine whether the trial court manifestly erred with its factual conclusions." Id. (citing Davis v. Hibernia Nat. Bank , 98-1164 (La. App. 4 Cir. 2/24/99), 732 So.2d 61, 63 ). "The standard of review of a trial court's finding of facts supporting prescription is that the appellate court should not disturb the finding of the trial court unless it is clearly wrong." Scott , 14-0726, p. 8, 157 So.3d at 785 (citing In re Medical Review Proceedings of Ivon , 01-1296, p. 5 (La. App. 4 Cir. 3/13/02), 813 So.2d 532, 536 ).
The trial court in this case did not review or weigh any evidence nor make any findings of fact upon which it based its ruling to grant the exception of prescription. The hearing transcript indicates that the trial court reviewed the pleadings on their face to determine the date Eggspressions filed their reconventional demand and the date 2802 Magazine filed the original demand.
PRESCRIPTION
Eggspressions claims the trial court erred when it dismissed its reconventional demand as prescribed because its "breach of contract claims were never prescribed" and its "fraud and LUTPA claims are based upon a series of prohibited acts that violate a continuing duty" which constitute a continuing tort. We begin by addressing Eggspressions' breach of contract claims.
Wrongful Eviction
Eggspressions avers that its contractual claims never prescribed. Eggspressions asserted the following breach of contract claims: (1) failure to perform under the late payment of rent default provisions; (2) failure to perform under the lease's "Omnibus" default provisions; and (3) failure to *1283 perform under the lease's "Unreasonable Withholding of Consent to Sublease" provisions.
While Eggspressions asserts the aforementioned are breach of contract claims, review of the reconventional demand demonstrates that, based on the facts alleged, the claims are not for breach of contract. Rather, the facts alleged to support Eggspressions' breach of contract claims actually assert that 2802 Magazine made misrepresentations and false statements to the trial court to obtain the judgment of eviction against Eggspressions. These claims do not state causes of action for breach of the lease agreement by 2802 Magazine. These claims, as noted by 2802 Magazine, sound in fraud, ill practice, and bad faith-all of which Eggspressions claims led to their alleged wrongful eviction.
Claims asserted pursuant to La. C.C. art. 1953 are delictual in nature and subject to a one-year prescriptive period. Hollingsworth v. Choates , 42,424, p. 7 (La. App. 2 Cir. 8/22/07), 963 So.2d 1089, 1094. In that these alleged misrepresentations and false statements stem from the eviction proceeding itself, Eggspressions' claims are not for breach of contract but wrongful eviction. Therefore, Eggspressions had one year from the date of the judgment of eviction to file an action for wrongful eviction. The trial court entered a judgment of eviction on December 1, 2016; thus, Eggspressions had until December 1, 2017, to file a reconventional demand. Eggspressions did not file until June 13, 2018. Therefore, the wrongful eviction claims based on fraud, ill practice, and bad faith prescribed.
Continuous Tort
Eggspressions alleged 2802 Magazine also engaged in unfair trade practices. The following allegations are asserted in the reconventional demand as violations of LUTPA, including: (1) misrepresentation of the lease terms; (2) misrepresentation of the existence of a lien on the leased property; (3) misrepresentation of Brick and Spoon's alleged default under the lease for late rental payment; (4) misrepresentation of Brick and Spoon's allege default under the lease for causing a lien on the property; (5) unethical and unreasonable withholding of consent to sublease to a third party; and (6) deception by 2802 Magazine by claiming the reason for withholding consent to sublease was lack of experience and financial condition of the third party. Eggspressions avers that the trial court erred when it found their LUTPA claims had prescribed because their LUTPA claims are continuous torts.
"The prescriptive period for delictual actions is one year, which commences to run from the day injury or damage is sustained. La. C.C. art. 3492. One of the exceptions to this rule is the jurisprudentially recognized doctrine of continuing tort." Risin v. D.N.C. Investments, L.L.C. , 05-0415, p. 4 (La. App. 4 Cir. 12/7/05), 921 So.2d 133, 136. A continuing tort is "[w]here the cause of injury is a continuous one giving rise to successive damages." Id. (citing South Central Bell Telephone Co. v. Texaco Inc. , 418 So.2d 531, 533 (La. 1982) ). "[P]rescription does not begin to run until the conduct causing the damage is abated." Id. Likewise, "[t]he scope of application of continuing tort is limited" as "[b]oth conduct and damage must be continuous." Id. , 05-0415, p. 8, 921 So.2d at 138.
Eggspressions points to Bihm v. Deca Systems, Inc. , 16-0356 (La. App. 1 Cir. 8/8/17), 226 So.3d 466, to support their contention that the doctrine of continuing torts applies to their LUTPA claims.
*1284 In Bihm , former employees of a closed corporation filed a petition for the dissolution of the corporation. The corporation and majority owner filed a reconventional demand, which alleged the former employees violated unfair trade practices and trade secret laws after the employees alleged misappropriation of funds and intellectual property. Id. , 16-0356, p. 6, 226 So.3d at 473-74. On appeal, the former employees argued that the reconventional demand was untimely. However, the trial court found, and the appellate court agreed, that the reconventional demand involved a continuing violation of LUTPA and therefore, the action had not prescribed. The Bihm court reasoned that "[e]ach and every time the [former employees] used the date and other trade secret information taken from Deca to conduct business with BCS's customers constituted a separate breach of that duty." Id. , 16-0356, p. 30, 226 So.3d at 489. Thus, the former employees had a continuing duty to refrain from acquiring or misappropriating trade secret information and disclosing it to other persons as well as a duty to refrain from unfair methods of competition and deceptive acts in the course of business commerce. Id.
Eggspressions' reliance on Bihm for the proposition that the instant case presents a continuing tort that interrupts prescription is misplaced. While the facts in Bihm established a continuing tort, no such circumstances exist in this case.
In Cajun Restaurant & Bar, Inc. v. Maurin-Ogden 1978 Pinhook Plaza , 574 So.2d 536 (La. App. 3rd Cir. 1991), a case analogous to the one before us, the dispute involved a breach of a commercial lease, allegations of violations of LUTPA, and prescription as a defense. The plaintiff lessee failed to pay rent resulting in the lessor filing a petition for breach of the lease and sought past due rent and damages. Id. at 537. The lessor subsequently obtained a judgment of eviction. More than a year later, the lessee filed suit for damages alleging the lessor violator LUTPA. The lessee claimed the lessor's rejection of the proposed third party assignee was among the series of conduct that constituted a violation of LUTPA and demonstrated a continuing tort. Id. at 537. The trial court found that the lessee's claim did not constitute a continuing tort as the alleged injury was a single act of not accepting the assignee. Affirming the trial court, the Third Circuit held that the lessee's claim was subject to a one-year prescriptive period and therefore had prescribed.
Like Cajun, the alleged LUTPA violations raised in reconvention are all single acts that allegedly took place at the trial on eviction and/or culminated in Eggspressions' eviction. Thus, we find no merit to the argument that the alleged LUTPA violations are continuous torts.
Additionally, Eggspressions asserts that the recent amendment to La. R.S. 51:1409 supports a finding that their LUTPA claims are not subject to prescription. Act No. 337 (2018) amended La. R.S. 51:1409(E) to remove from the statutory language the suggestion of a preemptive period for LUTPA claims. Subsection (E) now states that LUTPA claims are subject to a liberative prescriptive period of one year. Eggspressions argues the principals of continuing tort provide a basis for interruption of prescription and thus a defense to 2802 Magazine's exception. However, as discussed above, the record fails to establish facts from which we might conclude circumstances of an alleged continuous tort or any other basis to interrupt prescription.
CONCLUSION
We find Eggspressions has failed to demonstrate that their reconventional demand *1285 has not prescribed. Eggspressions' claims in reconvention, including those labeled as breach of contract, allege that 2802 Magazine misrepresented facts, acted in bad faith, and engaged in unfair trade practices in violation of LUTPA. The actions alleged to have caused damages are all singular acts that relate to claims of wrongful eviction. We find Eggspressions' claims in reconvention are delictual in nature. Accordingly, these claims are subject to a one-year prescriptive period. Considering Eggspressions filed their reconventional demand almost two years after the original petition was filed and more than a year after the judgment of eviction, we find no error in the trial court's October 2018 judgment sustaining 2802 Magazine's exception of prescription and dismissing Eggspressions' reconventional demand.
DECREE
Although the trial court's judgment granted the exception of prescription and dismissed the reconventional demand, the claims raised in the underlying original petition remain. Therefore, we exercise our supervisory jurisdiction and convert the appeal to a writ. Additionally, we find no error in the trial court's October 2018 judgment that granted 2802 Magazine's exception of prescription and dismissed Eggspressions' reconventional demand. Therefore, we affirm.
AFFIRMED

Judgment of Eviction, rendered and signed December 1, 2017, in Case No. 16-11004, Div. B, Civil District Court, Parish of Orleans.